## WILCHER *et al.* v. WALKER.

A testator had two brothers and a sister (or perhaps two sisters). By the first item of his will he devised his land and interest in lands to .one of his brothers. By the second item he bequeathed all of his personal property of every kind to this brother. The third item was as follows: "Should my said brother Julius C. A. Wilcher depart this life without leaving a child or children, then my whole estate herein given to my said brother shall be equally divided between my surviving next of kin; should he leave a child or children at his death, then the whole of my estate shall go to said child or children." By the fourth item he appointed the same brother as his executor. This brother survived the testator, and died leaving no child. The other brother sur-

vived the testator and left children. The sister died before the testator, leaving children. *Held*, that the proper construction of the will is that the testator left a fee-simple title in his land to the brother whom he made his devisee, and that this was not intended to be reduced to a life-estate by the third item of the will, but that by that item provision was made for substituting other legatees to take the estate of the testator in case the brother mentioned should predecease him. Such brother, having survived the testator, took a fee-simple title, and it was not defeated upon the devisee's subsequently dying childless, so as to vest the title in the children of the testator's other brother and sister as his next of kin.

JANUARY 12, 1916.

Complaint for land. Before Judge Rawlings. Glascock superior court. December 7, 1914.

*Horace M. Holden, L. D. McGregor, Hardeman & Hardeman,* and *Hines & Jordan,* for plaintiffs in error.

*John T. West* and *E. P. Davis,* contra.

LUMPKIN, J. Walker brought suit against Wilcher and others, seeking to recover certain land. A verdict was rendered for the plaintiff. The defendants' motion for a new trial was overruled, and they excepted. The controlling question in the case arose upon the construction of the will of Jeremiah Wilcher. The entire will was as follows:

"I, Jeremiah Wilcher, of said county, being of sound and disposing mind and memory, do make, publish, and declare the following as my last will and testament, hereby revoking all wills of prior date.

"Item 1. I give, devise, and bequeath unto my brother Julius C. A. Wilcher the tract of land on which he now lives, containing three hundred and seventy-five acres, more or less; also all the interest in lands in said county which I have in joint tenancy with Julius C. A. Wilcher and William J. Wilcher to said Julius C. A. Wilcher; and all other real estate, whether in wild or cultivated lands, of which I may die seized and possessed, I give, devise, and bequeath to said Julius C. A. Wilcher. I also give, devise, and bequeath unto said Julius C. A. Wilcher all the lands in which I have an interest in the estate of my father at the death of my mother.

"Item 2. I give, devise, and bequeath unto my said brother Julius C. A. Wilcher all the stock, cash on hand, evidences of debt, and all other property of every kind of which I may die seized and possessed.

"Item 3. Should my said brother Julius C. A. Wilcher depart this life without leaving a child or children, then my whole estate herein given to ·my said brother shall be equally divided between my surviving next of kin; should he leave a child or children at his death, then the whole of my estate shall go to said child or children.

"Item 4. I nominate and appoint Julius C. A. Wilcher executor to this my last will and testament. In testimony whereof I have hereto set my hand and seal in the thirteenth day of November, eighteen hundred and seventy-two."

The plaintiff claimed under a deed from Julius C. A. Wilcher. The defendants contended, that by his will the testator created an estate in fee in Julius C. A. Wilcher, defeasible upon the conditions stated in the third item thereof, and that they were the next of kin of the testator, being children of another brother and a sister, both deceased, and Julius C. A. Wilcher having survived the testator and died childless. The plaintiff contended that the third item of the will made provision in case of the death of Julius C. A. Wilcher in the lifetime of the testator, and that, he having survived the testator, a fee-simple estate vested in him. The court placed upon the will the construction contended for by the plaintiff.

Many cases have been considered by the courts in England and in America in which the question has been involved as to whether certain words of survivorship referred to the death of the testator or to some future period of time, and whether the language of a will under consideration created a life-estate with remainder over, a defeasible or base fee, or an estate tail. A number of them are collected in the note to Smith v. Smith, 25 L. R. A. (N. S.) 1045-1059 (157 Ala. 79, 47 So. 220). An illustrative case in this State is that of Hill v. Terrell, 123 Ga. 49 (51 S. E. 81). Whatever may be the general rule where nothing to the contrary appears, a testator may by the terms of his will indicate a different intent.

In Kimbrough v. Smith, 128 Ga. 690 (58 S. E. 23), it was declared that a devise of a life-estate, made in distinct terms in a prior item, will not be enlarged into a fee-simple estate by the general language of a subsequent item, where the language and general context of the will do not clearly and plainly indicate such to be the testator's purpose and intent. In the opinion of Presiding Justice Evans it was said, that, when the words of the will in the

first instance distinctly indicate an intent to make a clear gift, such gift is not to be cut down by any subsequent provision which is inferential, and which is not equally as distinct as the former. *Crumley* v. *Scales,* 135 *Ga.* 300 (69 S. E. 531), is quite similar to the case under consideration. There the rule that an absolute estate created by one part of a will will not be cut down to a lesser estate by a subsequent part, unless the intention to do so is clear, was invoked. The various provisions of the will then under consideration were discussed, and, in the light of them and of the principles of law announced, it was held that a devise expressly stated to be made "absolutely and in fee simple" to the four daughters of the testator was not reduced by a subsequent provision, that, "should any of my said children die leaving a child or children, such child or children shall take the share of their deceased parents;" and it was held, where all four of the daughters survived the testator, that each of them took her respective share in fee simple, and that the children of the daughters did not acquire any interest. After discussing the terms of the will, and citing certain authorities, Mr. Justice Holden said: "We reach the conclusion that it was the purpose of the testator to substitute grandchildren in lieu of parents, if parents died before he died, and the last sentence of item 12 of the will was merely to designate the persons who were to take in the event of the death of any of his daughters before his death." In support of this view, it was mentioned that in another part of the will, in creating a life-estate in his daughters, the testator in each instance stated that the remainder was "at" her death to go to her children, while in the item of the will above mentioned he abandoned that form of expression and employed the word "should," which was not indicative of time, but merely of contingency. Reference was made to the fact that the form of expression was so changed in referring to death as to express a contingency with respect to the death of the same devisee, which could be equally referable to a death occurring prior as to one occurring subsequently to his own death, and that this change in language was apparently advisedly made. The use of the words "absolutely and in fee simple" was also emphasized. In the light of these decisions, and of the fact that the intention of the testator is to be diligently sought, let us see what was his apparent intention in the will involved in the case at bar.

34

The testator had two brothers and a sister. The sister died before his death, leaving children. (In the motion for a new trial it was stated that it was proposed to show that there were two sisters, both of whom died before the testator.) He selected his brother, Julius C. A. Wilcher, as the special object of his bounty. By the first item of his will he devised and bequeathed to this brother all of his land and interest in land, including the land in controversy. The language used in this item was sufficient to devise a fee-simple title, unless it should be restricted by a subsequent item. By the second item the testator gave to the same legatee all other property of every kind of which he might die seized and possessed.

In the third item he made provision that "should" his said brother "depart this life without leaving a child or children, then my whole estate" given to such brother should be equally divided between the testator's surviving next of kin, and, "should he leave a child or children at his death, then the whole of my estate shall go to said child or children." Two possible constructions may be given to this item. The first is, that upon the death of the brother at any time, whether before or after that of the testator, without leaving a child or children, the testator's "whole estate" should be equally divided between the next of kin of the testator surviving the brother; and that if he should die, either before or after the testator, leaving a child or children, the whole of the testator's estate should go to such children. The other construction is that the testator, having given his whole property, both real and personal, to his brother (who does not appear to have had any children when the will was made), contemplated the possibility of his brother's dying before he died, either with or without children, and provided, by way of substitution, who should take the estate in such event. If the first construction mentioned should be adopted, the result would be that the testator carefully, in two items of his will, devised and bequeathed his entire property to his brother, using language which would create an absolute fee-simple estate, and then, in a subsequent item, cut down this estate, so that in no event could it exceed a life-estate. The brother was sure to die at some time. As the third item contained a provision that "should" he die without children the estate should go to the next of kin of the testator, and "should" he leave a child or children the estate should

go to them, in neither event would the brother get more than a life-estate. Thus, decisions as to words in a devise which would create a fee defeasible upon a condition which might or might not happen can have no application to this case. If the third item restricted the estate which had been devised and bequeathed in previous items, it reduced such estate from a fee-simple to a life-estate. It is hardly probable that the testator employed this elaborate system of creating a fee-simple estate by certain items of his will and then cutting it down to a life-estate, not expressly, but by means of a subsequent item containing statements in the form of contingencies, which were susceptible of another construction. The language used was consistent with the idea that the testator meant that if his brother should die before he died, with or without children, certain persons should take in his stead.

Further, in case the brother of the testator should die without leaving a child or children, the testator declared that "my whole estate herein given to my said brother shall be equally divided between my surviving next of kin;" and also that should the brother leave a child or children at his death, then the "whole of my estate shall go to said child or children." This language indicates that the testator had in mind the distribution of his estate, rather than the creating of a life-estate in his brother with remainder or executory devise over. If the construction contended for by counsel for the plaintiffs in error be correct, then the property, both real and personal, would vest in the brother, who might hold, use, and perhaps dispose of it during many years, but always subject to further division or devise over after his death.

It was argued that the word "then" is an adverb of time, and that it indicated the intention of the testator that the words of survivorship should apply to the death of his brother rather than to his own death. It is true that "then" is an adverb of time, but the word also has the meaning, "in that case or event." It is quite common to say that if a certain thing should occur, then a certain consequence should follow, using "then" in the sense last mentioned.

In view of the entire will, and the facts surrounding the testator, we think that he intended to create a fee-simple estate in his brother; but should the brother predecease him, provision was made for the estate of the testator to go to others by way of substitution in

place of his brother. The fact that the brother was also appointed executor of the will does not change this construction. If he outlived the testator, he would be both the sole legatee and the executor. If he died before the testator, the appointment as executor could not be effective any more than the devise or bequest to him, as the will would not take effect at all until the death of the testator.

The construction placed upon the will by the trial court was correct, and under it the brother of the testator, who was his devisee and who outlived him, took an absolute estate, and conveyed a good title to the plaintiff. Perhaps the better practice might have been to have admitted the will in evidence, together with the accompanying evidence offered, and then to have construed it. But as the result would inevitably be the same, the construing of the will as not aiding the defendants' title, and rejecting it from evidence on that ground, will not cause a reversal.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent, and Evans, P. J., dissenting.*