## DAVANT *v.* SHAW; *et vice versa.*

Nos. 17067, 17068.  MAY 8, 1950.

846

*Noel P. Park* and *Miles W. Lewis*, for plaintiff.

*William Erwin, Erwin, Nix, Birchmore & Epting*, and *J. G. Faust*, for defendant.

HEAD, Justice. In the construction of wills precedents are of but little or doubtful value, since no two wills are alike and each is a law unto itself. *McGinnis* v. *Foster*, 4 *Ga.* 378; *Cook* v. *Weaver*, 12 *Ga.* 47 (3); *Comer* v. *Citizens & Southern National Bank*, 182 *Ga.* 1, 5 (185 S. E. 77). There are general rules of law, however, to guide the court in the construction of all wills. It is the duty of the court to ascertain the intention of the testator, and give effect thereto, unless it violates some fixed rule of law, and in ascertaining the intention of the testator, sentences may be transposed, connecting conjunctions changed, and omitted words supplied. If the intention of the testator is clear as it stands, it is the duty of the court so to construe it, regardless of any opinion the court may have as to a different testamentary intention. Code, § 113-806; *Comer* v. *Citizens & Southern National Bank*, supra. Generally, courts are not limited in the construction of wills to a particular item, sentence, or clause, but

may look to "the four corners" of a will to ascertain the intention of the testator. *Shoup* v. *Williams*, 148 *Ga.* 747 (98 S. E. 348).

Counsel for the plaintiff in the present case concede that "the original will devises fee-simple estates." It is contended, however, that by the language of the codicil the testator's children were given the fee, subject to being divested in the event any child died without leaving children.

Between the date of the execution of the will in 1890, and the execution of the codicil in 1896, two of the testator's daughters had died, one, Edith May Davant, unmarried and without issue, and the other, Nellie Kinnebrew, without issue, but survived by her husband. The codicil makes no mention of the unmarried daughter of the testator. The testator apparently understood that the portion of his estate which would have been hers had she lived would descend to his remaining heirs, but by the codicil he specifically provided that which the law had provided for him, that the property given to his daughter, Nellie Kinnebrew, would descend to his other heirs. Code, §§ 113-812, 113-813. Since the original will did not contain a residuary clause, and the two daughters had died a short time prior to the execution of the codicil, it was the manifest intention of the testator to, in effect, supply a residuary clause to the will. If, at the time of the execution of the codicil, the testator made the number of his children stated in item two of the will conform to the number then in life, by striking the word "six" and substituting the word "four," this fact would not support the theory that the estate granted to his children would terminate upon the death of a child without issue.

The language employed in the codicil, "Any of my children dying without heirs the property they get of me shall be divided between the others," relates entirely to the effective date of the will, the death of the testator. It is insisted that the testator wanted his estate to remain "in his family to the exclusion of in-laws and other outsiders." Conceding that this intention is manifested by the language of the codicil with reference to his daughter, Nellie Kinnebrew, there is no language in either the will or the codicil which can be said to indicate an intention of the testator that the limitation as to issue was to extend beyond the date of the testator's death. By inserting the word "would"

between the words "they" and "get," the testator's intention might be made clearer. The proviso would then read: "Any of my children dying without heirs the property they *would* get of me shall be divided between the others." None of the children could take until the testator's death, and there is nothing in the codicil indicating that a division of his estate shall be delayed. See *Wilcher* v. *Walker,* 144 *Ga.* 526 (87 S. E. 671).

"In the absence of anything in the will to the contrary, the presumption is that the ancestor intended that his property should go where the law carries it, which is supposed to be the channel of natural descent. To interrupt or disturb this descent or direct it in a different course, should require plain words to that effect." *Fraser* v. *Dillon,* 78 *Ga.* 474 (3 S. E. 695).

In *Buchanan* v. *Nicholson,* 192 *Ga.* 754, 765 (16 S. E. 2d, 743), it was said: "The codicil, of course, must be considered as a part of the will, and it is within the principle that a will must be considered as a whole; but it is also 'an established rule not to disturb the dispositions of the will further than is absolutely necessary for the purpose of giving effect to the codicil.' *Thomas* v. *Owens,* 131 *Ga.* 248, 253."

"It is a general principle to construe a codicil so as to interfere as little as may be with the dispositions in the will. . . It is also a general rule that the provisions of a will are not revoked by a codicil, the language of which is capable of any other reasonable construction, or is less clear and certain than that used in the will." *Egleston* v. *Trust Co. of Ga.,* 147 *Ga.* 154, 157 (93 S. E. 84). See also *Schoen* v. *Israel,* 168 *Ga.* 781 (149 S. E. 124); *Perkins* v. *Citizens & Southern National Bank,* 190 *Ga.* 29 (8 S. E. 2d, 28); *Frost* v. *Dixon,* 204 *Ga.* 268, 271 (49 S. E. 2d, 664).

In this case the will and codicil were given full effect by a division of the testator's estate between his living children, and any contention that the estate received by each might subsequently be defeated by the death of such child without issue is not meritorious. This ruling being controlling as to the plaintiff's right to recover, the other assignments of error will not be considered.

*Judgment affirmed on the main bill of exceptions; cross-bill of exceptions dismissed. All the Justices concur.*