18793. McCLELLAND *et al.*, by guardian, *v.* JOHNSON *et al.*, executors, *et al.*

Submitted January 12, 1955—Decided February 15, 1955.

*McCurdy & Candler, J. Robin Harris,* for plaintiffs in error.

*Powell, Goldstein, Frazer & Murphy, Jones, Hocker, Gladney & Grant, George S. Rondebush,* contra.

HEAD, Justice. The testator by the terms and provisions of Item 4 (A) of his will established a "marital trust," and by Item 4 (B) established a "residuary trust." The trial judge gave effect to the will as it was written, and as shown by the quoted excerpt in the statement of facts from Item 4 (A), by reducing the amount subject to the marital trust by one-half of the estate passing directly to the wife. The plaintiffs in error, under the construction contended for by them, would omit the word "one-half," and, in place of reducing the amount to be included in the marital trust by one-half of the estate passing directly to the wife, would deduct the whole of the wife's estate, thus giving no effect to the word "one-half."

Under the rules of law of force in this State, this can not be done. Code § 113-806 provides: "In the construction of all legacies, the court shall seek diligently for the intention of the testator and give effect to the same as far as it may be consistent with the rules of law; and to this end the court may transpose sentences or clauses, and change connecting conjunctions, or even supply omitted words in cases where the clause as it stands is unintelligible or inoperative, and the proof of intention is clear

350

and unquestionable; but if the clause as it stands may have effect, it shall be so construed, however well satisfied the court may be of a different testamentary intention." See also *Hertz* v. *Abrahams*, 110 *Ga.* 707 (36 S. E. 409, 50 L. R. A. 361); *Shoup* v. *Williams*, 148 *Ga.* 747, 748 (98 S. E. 348); *Payne* v. *Brown*, 164 *Ga.* 171, 174 (2) (137 S. E. 921); *Hungerford* v. *Trust Co. of Georgia*, 190 *Ga.* 387 (9 S. E. 2d 630); *Buchanan* v. *Nicholson*, 192 *Ga.* 754, 763 (16 S. E. 2d 743); *Lane* v. *Citizens & Southern National Bank*, 195 *Ga.* 828, 836 (25 S. E. 2d 800); *Davant* v. *Shaw*, 206 *Ga.* 843, 846 (59 S. E. 2d 500).

The word "one-half" in Item 4 (A) of the will should be given effect just as it was given by the trial court. There is nothing to establish that any different testamentary plan was intended by the testator. The will as written is without ambiguity in so far as the word "one-half" appears in the testamentary plan. This being true, the trial judge correctly construed the will in the judgment rendered.

*Judgment affirmed. All the Justices concur.*