### 19423. CALLAWAY *v.* FAUST.

MOBLEY, Justice. Mrs. J. G. Faust owned a ¼ undivided interest in certain real property located in Greensboro, Georgia. She and her husband executed a joint will, item 3 of which reads as follows: "The testator herein first dying wills and bequeaths to the survivor all the property belonging to such deceased testator (except such as has been disposed of in Items 1 and 2 above) of whatever sort or nature in fee simple, and to be used and owned fully in any way such survivor may desire. With the express provision however, that at the death of such survivor, all property then owned or held by such survivor however acquired passes to and becomes the property of said Henrietta Smith Sisk, such property being hereby willed and bequeathed to her." Mrs. J. G. Faust died, the joint will was probated as her will, and Mr. Faust subsequently married the defendant, Mrs. Karl G. Faust. J. G. Faust conveyed by deed his interest in said property to the defendant. Subsequently, J. G. Faust died intestate. The plaintiff, Mrs. Henrietta Sisk Callaway, formerly Henrietta Smith Sisk, filed an action for a declaratory judgment, contending that, under item 3 of the will quoted above, J. G. Faust took a life estate in said property and she took a remainder. The defendant contends that J. G. Faust took a fee-simple estate in the property, which he conveyed to her by deed. The case was heard by the judge without a jury upon an agreed statement of fact. The judge found that, under item 3 of the joint will, J. G. Faust took a fee-simple estate in the ¼ undivided interest of his wife in said property, and that the deed of J. G. Faust to Mrs. Karl G. Faust conveyed his interest in said property

to her; and a judgment was entered declaring the title to the property to be vested in the defendant. The plaintiff excepts to this judgment. *Held:*

1. Where, under a joint will of a husband and wife, the survivor is expressly devised a fee-simple estate in the property of the testator first dying, and following such a devise are the words, "to be used and owned fully in any way such survivor may desire," these words are clearly not a limitation upon the fee and do not show an intention of the testator to reduce the estate of the survivor from a fee-simple to a life estate. *Thomas* v. *Owens,* 131 *Ga.* 248, 255 (62 S. E. 218); *Nicholls* v. *Wheeler,* 182 *Ga.* 502 (185 S. E. 800).

2. Following the above devise to the surviving spouse, this proviso appears: "With the express provision however, that at the death of such survivor, all property then owned or held by such survivor however acquired passes to and becomes the property of said Henrietta Smith Sisk, such property being hereby willed and bequeathed to her." We think it manifest that this provision was not intended to limit the fee to a life estate. It does not propose to deal with the individual property of either testator. It refers only to the property of the survivor, and states that, at the survivor's death, all property then owned by him, whether acquired before, at the time of, or subsequently to the death of the testator first dying, should become the property of Henrietta Smith Sisk. The plaintiff's contention, that the proviso quoted above limited the fee and created a life estate in favor of J. G. Faust with a remainder to her, is without merit. "A court will not by construction reduce an estate devised absolutely in fee unless the intent to limit the devise is clearly and unmistakably evidenced by subsequent language of the will. . . Doubtful expressions relied upon to impose a limitation should be resolved in favor of the absolute estate." *Davant* v. *Shaw,* 206 *Ga.* 843 (59 S. E. 2d 500).

3. The trial court properly held that J. G. Faust took a fee-simple estate in the property involved in this litigation, that the deed of J. G. Faust to Mrs. Karl G. Faust conveyed such estate to her, and that the plaintiff had no interest in said property.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 9, 1956—DECIDED SEPTEMBER 7, 1956.

*Clement E. Sutton,* for plaintiff in error.

*Kay Tipton, Tipton & Tipton, Erwin, Nix, Birchmore & Epting,* contra.