21315.   DILLARD, by Next Friend, *et al.*
v. DILLARD *et al.*

ARGUED JULY 11, 1961—DECIDED SEPTEMBER 7, 1961.

*Ray, Owens, Keil & Thornton, Jack M. Thornton,* for plaintiffs in error.

*Foley, Chappell, Young & Hollis, T. Milton Jones,* contra.

MOBLEY, Justice. The sole issue involved in the case under consideration is the extent and nature of the estate taken by the survivor of the makers of the joint will.

The plaintiffs in error contend that Items III and IV of the will indicate the intent of the makers of the will to leave the survivor a life estate with a vested remainder in fee simple to the plaintiffs in error.

The defendants in error contend that Mattie H. Curry, by surviving her husband and joint testator, received fee simple

title to the estate by virtue of Item III of the will and further contend that Item IV was meant to apply only if (1) the makers of the will died simultaneously or (2) if, after one of the makers had pre-deceased the other, the latter chose to leave the will in effect.

"The word 'heirs,' or its equivalent, is not necessary to create an absolute estate; but every conveyance, properly executed, shall be construed to convey the fee, unless a less estate is mentioned and limited in such conveyance." *Code* § 85-503.

It is clear from the provisions of the Code section quoted above that Item III of the will conveyed an absolute estate to the survivor of the makers of the joint will.

"It is a settled rule that a court will not by construction reduce an estate once devised absolutely in fee, by limitations contained in subsequent parts of the will, unless the intent to limit the devise is clearly and unmistakably manifested. If the expression relied upon to limit the fee once devised be doubtful, the doubt should be resolved in favor of the absolute estate." *Nicholls v. Wheeler*, 182 Ga. 502 (185 SE 800); *Thomas v. Owens*, 131 Ga. 248 (62 SE 218); *Taylor v. Reid*, 144 Ga. 437 (87 SE 469); *Moore v. Cook*, 153 Ga. 840 (113 SE 526); *Davant v. Shaw*, 206 Ga. 843 (59 SE2d 500); *Aiken v. Aiken*, 209 Ga. 819 (76 SE2d 481); *Montgomery v. Pierce*, 212 Ga. 545 (93 SE2d 758).

In *Callaway v. Faust*, 212 Ga. 596 (94 SE2d 379), this court, in construing a joint will with provisions similar to the will now being considered, held that the language in that will stating that "[w]ith the express provision however, that at the death of such survivor, all property then owned or held by such survivor however acquired passes to and becomes the property of said Henrietta Smith Sisk, such property being hereby willed and bequeathed to her" was not sufficient to limit the fee simple estate devised in the item of the will preceding the item quoted.

In the case sub judice it is clear that the provisions of Item IV do not expressly limit the fee granted to the survivor in Item III to a life estate, nor does the language thereof indicate that the makers intended to do so.

It is manifest that the testators by Item IV were trying to do two things: first, dispose of their property in case of their simultaneous deaths. They do just that in the following language: "It is the will of each of us . . . that upon the simultaneous death of both makers hereof . . . *that all of our estate,* both real and personal, wheresoever the same be located, shall go in equal shares absolutely and in fee simple to Tommy B. Dillard and Patricia F. Dillard." (Italics ours). Secondly, to dispose of the property of the survivor in the event they did not die simultaneously. That was accomplished in the following language: "It is the will of each of us that upon the death of the survivor . . . *the estate of the survivor,* both real and personal, wheresoever the same may be located, shall go in equal shares absolutely and in fee simple to Tommy B. Dillard and Patricia F. Dillard." (Italics ours). This construction clearly gives effect to the intention of the makers. See *Code* § 113-806.

The trial court properly construed the will, and the judgment of the court as applies to this case is correct.

*Judgment affirmed. All the Justices concur.*