JOSEPH SMUDA ET AL. *v.* JOSEPH SMUDA ET AL.,
EXECUTORS (ESTATE OF JOHN MATODZINSKI)

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued December 8, 1965—decided February 8, 1966

*Roman J. Lexton,* for the appellants (plaintiffs).

*Richard T. Mokrzynski,* for the appellees (defendants).

SHANNON, J. The plaintiffs appealed to the Superior Court from a decree of the Probate Court for the district of Berlin dated October 27, 1964, in which that court denied the plaintiffs' motion to reform the will of John Matodzinski. On July 27, 1960, John Matodzinski executed his last will and testament, which was admitted to probate on April

22, 1963. It contains four paragraphs, or items as they are designated in the will. The first paragraph provides for the payment of debts and funeral expenses. The second makes disposition of the rest of his estate to his wife, Rose Matodzinski. The third deals with the contingency of disposing of the estate in the event of the simultaneous deaths of the testator and his wife. The fourth appoints the executors of the will. There is no provision for the disposition of his estate if his wife predeceased him, which in fact occurred. She died on December 3, 1961, and the testator died on February 4, 1963. The plaintiffs are the named contingent beneficiaries in the will. In their reasons of appeal, they allege that the will does not express the intent and wish of the testator, which, they contend, was to make the plaintiffs his beneficiaries under the will generally, and that to accomplish that purpose the Probate Court should have reformed the third paragraph of the will by inserting the words "my wife should predecease me or" after the phrase "[i]n the event that".[1] They claim that it is obvious from the face of the will that the words "my wife should predecease me" were inadvertently omitted and that the testator did not intend that his estate should pass intestate but did intend that the plaintiffs should be the beneficiaries of his estate and the objects of his bounty. The trial court decided that, as far as reformation of a will by the insertion of words or phrases is concerned, such a procedure is unknown in our state and will probably remain

---

[1] "ITEM 3. In the event that our deaths occur simultaneously, or approximately so, or in the same common accident, or calamity, or under circumstances causing doubt as to which of us survived the other, then we hereby give, devise and bequeath our entire remaining estates in the following manner:"

so, and it rejected the plaintiffs' claims. From the judgment rendered, affirming the decree of the Probate Court, the plaintiffs have appealed.

The Statute of Wills in part provides: "No will or codicil shall be valid to pass any estate unless it is in writing, subscribed by the testator and attested by three witnesses, each of them subscribing in his presence". General Statutes § 45-161. The statute is not only directory but also prohibitive and exhaustive. It permits one to make provision by will for the disposition of his property after death, that is, by bequest or devise, upon complying with the conditions prescribed in the statute and not otherwise, and one condition is that each bequest shall be contained in a writing executed with the prescribed formalities. *Hatheway* v. *Smith,* 79 Conn. 506, 512, 521, 65 A. 1058. We are limited to the language used. We may construe a will, but we are powerless to reconstruct one. *Bridgeport-City Trust Co.* v. *Buchtenkirk,* 143 Conn. 531, 542, 124 A.2d 231, and cases cited.

Thus, where, as here, a contingency has arisen for which the testator made no provision, we are not justified in departing from the expressed intent. *Redpath* v. *Auchincloss,* 132 Conn. 690, 696, 47 A.2d 315. Our function is to determine the meaning of what the testator said and not to speculate as to what he meant to say. *Warren* v. *First New Haven National Bank,* 150 Conn. 120, 123, 186 A.2d 794; *Connecticut Bank & Trust Co.* v. *Lyman,* 148 Conn. 273, 279, 170 A.2d 130, and cases cited.

There is no error.

In this opinion the other judges concurred.