## 30174. KIRBY v. CITIZENS & SOUTHERN NATIONAL BANK et al.

JORDAN, Justice.

Appellees, in their capacity as co-executors under the will of Delcer Solomon Strickland, petitioned the Superior Court of Douglas County for a construction of certain provisions of the will. The appellant appeals from the superior court's interpretation of the residuary clause.

The clause provided for a $25,000 bequest to his daughter Jenny and son Daniel, thereafter explaining that this was to insure fair treatment for his children since he had previously created trust funds for the benefit of his son Robert's children and for appellant. He then proceeded to divide the residue among Jenny, Daniel and Robert, excluding appellant.

The trial court held that by the residuary clause the testator intended only three of his four children to share in the residuary estate, thereby excluding appellant. Appellant contends that when the will is read in its entirety, it is apparent that the testator wished to treat his children fairly, and therefore testator intended that she have an equal share of the residue. We agree that an intention to be fair is shown, but disagree with appellant's other contention and affirm the ruling of the trial court.

In construing a will, the court must strive to find the testator's intention, for it is the cardinal rule of will construction that his intention shall govern. Code Ann. §

113-806; *Carnegie v. First Nat. Bank of Brunswick,* 218 Ga. 585, 589 (129 SE2d 780). In finding testator's intent, we are not limited to construing only the residuary clause in question, but may look to "the four corners" of the will to discover the testator's total testamentary disposition. *Sheats v. Johnson,* 229 Ga. 150, 153 (189 SE2d 856); *Davant v. Shaw,* 206 Ga. 843, 846 (59 SE2d 500).

A complete reading of testator's will shows that it created, for the benefit of appellant, a $40,000 trust providing for monthly instalments to be paid to her for her support and maintenance, and a $50,000 trust with monthly instalments paid to appellant for the support and maintenance of her daughter. In addition, appellant received a $5,000 bequest. For his son, Robert, testator created a $40,000 trust for the education of his children, and bequeathed him $5,000 and one-third of the residue. Testator's other son and daughter each received $30,000 and one-third of the residue. Viewing testator's total disposition and his expressed intention in the will to treat his children fairly, it becomes apparent that testator not only desired that his four children be treated fairly, but apparently provided for such at the time the will was made. Appellant and her daughter received $95,000 in trust and cash bequest, while no other child received more than $45,000 in trust and cash bequest, exclusive of what may be contained in one-third of the residue. It was apparently testator's intention to treat his other children fairly by bequeathing each one-third of the residue.

This intention is further revealed by the plain meaning of the language used in the residuary clause. By using the phrase "between the following of my children," the testator implies that the list which follows will not include all his children. He then names each child except appellant. Such plain and unambiguous language setting forth testator's intentions is the controlling guide for determining intention, and cannot be modified by this court. *Veal v. King,* 216 Ga. 298, 301 (116 SE2d 223); *McClelland v. Johnson,* 211 Ga. 348, 350 (86 SE2d 97).

*Judgment affirmed. All the Justices concur, except Nichols, C. J., disqualified.*

Submitted July 25, 1975 — Decided September 16, 1975.

*Harold A. Lane,* for appellant.

*Powell, Goldstein, Frazer & Murphy, William Linkous, Jr., Joseph C. Miller, Swift, Currie, McGhee & Hiers, A. L. Mullis, Jr., Dollar & Dettmering, James R. Dollar, Jr., Henry C. Head,* for appellees.