The FIRST NATIONAL BANK OF ATLANTA and Genevieve H. McWhorter, as Co–Executors of the Estate of Daniel L. McWhorter, Deceased, Plaintiffs–Appellants,

v.

UNITED STATES of America, Defendant–Appellee.

No. 79–2423.

United States Court of Appeals, Fifth Circuit. Unit B

Jan. 12, 1981.

Earl T. Berry, Robert W. Crenshaw, Edward S. Grenwald, Atlanta, Ga., for plaintiffs–appellants.

William L. Harper, U. S. Atty., Atlanta, Ga., M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Chief, Appellate Sec., Robert A. Bernstein, John A. Dudeck, Jr., U. S. Dept. of Justice, Tax Div., Washington, D. C., Attys., for defendant–appellee.

Before GEWIN, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

In this will construction case, the district court held that federal estate taxes are to be paid out of the residue of the testator's estate, including the marital trust property. Although plaintiffs vigorously argue on appeal that the testator intended to maximize his marital deduction and thereby minimize estate taxes, that intent is not clear on the face of the document, and absent such a showing, the unambiguous provision of the will that all estate taxes should be paid from the residue of the estate will govern.

Daniel L. McWhorter died testate on June 16, 1972. His will provides for certain specific bequests and then for the residue of his estate to be divided equally between a marital trust and a family trust. Item Three specifically provides:

> If my wife survives me, I direct my Executors (after paying all of the above bequests, and after paying all debts, taxes and expenses other than Estate Taxes) to divide the residue of my estate into two parts, which (after adjusting for the insurance and other property payable to my wife hereinafter mentioned) shall be equal in size. I hereby designate these as Parts A and B. There shall be regarded as a portion of my estate assigned to Part A, for the purpose of this calculation only, the following: (1) any insurance on my life which is so payable to my wife as to be lawfully the subject of a marital deduction for Federal Estate Tax purposes, and (2) the value of any other property passing to my wife either outside this Will or under any other Item of this Will in such manner as to qualify as a part of such marital deduction.... There shall not be included in Part A any property as to which such a marital deduction would not be allowed.

Regarding payment of estate taxes, Item Seven of the will states that all estate taxes shall be paid from the residue:

> All estate taxes shall be paid from the residue of my estate, and no claim shall be made against any life insurance beneficiaries for payment of any pro rata part of such taxes. Notwithstanding the foregoing, my Executor shall make claim against the appointee, if permitted by law, for any such estate taxes assessed because of any power of appointment which I may have.

An estate tax return was filed which calculated the marital deduction as one–half of the residue before payment of estate taxes. The Internal Revenue Service determined that the deduction should have been calculated after payment of estate taxes and assessed a deficiency. The co–executors of the estate paid the tax and then brought this suit for a refund.

Section 2056 of the Internal Revenue Code allows a deduction from the gross estate for "the value of any interest in property which passes or has passed from the decedent to his surviving spouse," up to fifty percent of the adjusted gross estate. 26 U.S.C.A. § 2056. The value of any interest passing to the surviving spouse for which a deduction is allowed, however, is the *net* value of such interest after payment of any estate taxes charged against it under the will. 26 U.S.C.A. § 2056(b)(4). The sole issue on appeal is whether the

district court correctly ruled as a matter of law that the McWhorter will requires the estate taxes to be paid out of the residue before division, and thus paid in part out of the marital bequest, or whether the taxes should be paid after division and only out of the non–marital bequest.

■ Proper construction of a will is determined by reference to state law, *Riggs v. Del Drago*, 317 U.S. 95, 97–98, 63 S.Ct. 109, 110, 87 L.Ed. 106 (1942), in this case the law of Georgia. Plaintiffs have moved for certification of this issue to the Georgia Supreme Court pursuant to Ga.Code Ann. § 24–3902 (Supp.1980), which permits certification where "there are involved . . . questions or propositions of the laws of this State, which are determinative of said cause, and there are no clear controlling precedents in the decisions of the Supreme Court of this State." As plaintiffs readily admit, however, Georgia law regarding will construction is settled, and the only question before the Court is whether the district court correctly applied that law to the will before it. In this situation, certification is not appropriate.

■ The cardinal rule of will construction under Georgia law is to ascertain the intention of the testator by looking at the document and giving consideration to all of its parts. *See Worley v. Smith*, 236 Ga. 888, 225 S.E.2d 911 (1976); *Lewis v. Mitchell*, 216 Ga. 526, 117 S.E.2d 901 (1961). Plaintiffs argue that the language used by the testator in setting up the marital trust evidences his intent to maximize the marital deduction. They contend that the provision in Item Three that the residue be divided, after payment of taxes *other than estate taxes*, shows the testator did not intend for the taxes to be paid out of the marital portion. They suggest that the language in Item Seven that all estate taxes be paid from the residue of the estate was mistakenly added as part of a "formbook" provision designed to instruct executors on whether to seek estate taxes from life insurance beneficiaries and appointees of any powers of appointment.

The difficulty with plaintiffs' position is that there is no provision for payment of estate taxes only out of the non–marital portion of the estate, even if the residue were to be divided prior to payment of such taxes. In essence, plaintiffs ask this Court to either eliminate Item Seven, or rewrite it to read "[a]ll estate taxes shall be paid from *Part B* of the residue of my estate," or otherwise define the word "residue" in Item Three and Item Seven in two different ways.

Item Seven, however, clearly provides that estate taxes are to be paid out of the "residue" of the estate, which includes the marital trust property. Item Three provides that the "residue" will be divided into two parts. Neither part is thereafter referred to any place in the will as the "residue." Nothing in the will suggests that the word "residue" as used in Item Three is to have any different meaning when used in Item Seven. While one of the purposes of the will clearly is to take advantage of the marital deduction, nothing therein suggests the testator's intention to maximize that deduction. Even if plaintiffs' interpretation of the will were correct, the marital deduction would not be used to the maximum. To the contrary, the specific bequests to siblings which are to be paid before dividing the residue into the marital and family trusts deprives the arrangement of any maximization of the marital deduction. Finally, even though the parenthetical in Item Three that the residue is to be divided "after paying all debts, taxes and expenses other than Estate Taxes" would indicate that McWhorter might provide that the estate taxes be paid in some manner other than out of the residue, the language of Item Seven is unambiguous, and "if the clause as it stands may have effect, it shall be so construed, however well satisfied the court may be of a different testamentary intention." Ga.Code Ann. § 113–806 (1975); *see Davant v. Shaw*, 206 Ga. 843, 59 S.E.2d 500, 502 (1950).

AFFIRMED.