S90A1539. CAUDELL et al. v. CAUDELL.
(401 SE2d 2)

BENHAM, Justice.

Hayward and Ann Caudell, husband and wife, executed a joint and mutual will. Item Two in the will provided that upon the death of either of the makers of the will, the survivor would take fee simple title to all the property of the deceased, real and personal. Item Six in the will provided that upon the death of both, the estate would be disposed of as follows: "Any remaining personal property" to be divided between the testators' two sons, J. C. and Wayne Caudell; the home place to go to Wayne, provided he pay J. C. $5,000; and another 37 acres to go to Wayne and J. C., share and share alike.

After Hayward's death, Ann sold the 37-acre parcel to Wayne, who in turn gave a deed to secure debt to Habersham Bank. J. C. brought this suit to set aside those conveyances and to enjoin Ann from disposing of property in a manner conflicting with the provisions of the joint and mutual will. The defendants moved for judgment on the pleadings, and this appeal is from the denial of that motion. When the interlocutory appeal was granted, this court expressed interest in the question of whether Ann had the power to alienate the real property.

On appeal, as they did in the trial court, the defendants rely on *Dillard v. Dillard*, 217 Ga. 176 (121 SE2d 766) (1961), and *Johnson v. Johnson*, 240 Ga. 21 (239 SE2d 346) (1977), for the proposition that

"a court will not by construction reduce an estate once devised absolutely in fee, by limitations contained in subsequent parts of the will, unless the intent to limit the devise is clearly and unmistakably manifested. If the expression relied upon to limit the fee once devised be doubtful, the doubt should be resolved in favor of the absolute estate." [Cits.] [*Dillard*, supra at 178.]

Their contention is that since no intent to limit the devise of fee simple absolute is clearly and unmistakably manifested in the will at issue here, Ann is empowered by the grant of fee simple title to dispose of the real property as she sees fit. We agree.

There can be no question that the bequest in Item Two of the will gave Ann Caudell fee simple absolute title in all the real property of the parties. The rest of the will contains no provisions clearly and unmistakably manifesting an intent to limit that devise. J. C. Caudell's reliance on a contract theory is of no avail in this matter since there is no language in the will to the effect that the will was the result of a contract, and no indication of any valid consideration for reciprocal testamentary dispositions. Compare *C & S Nat. Bank v. Leaptrot*, 225 Ga. 783 (1) (171 SE2d 555) (1969).

Based on the foregoing analysis, we hold as a matter of law that Item Six of the will did not place any limitation on Ann Caudell's power, as holder of fee simple absolute, to alienate any part of the real property she received under the will. It follows that the defendants were entitled to judgment on the pleadings and that the trial court erred in denying that relief.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 21, 1991.

*Adams, Clifton & Sanders, Alton M. Adams, Winslow H. Verdery, Jr.,* for appellants.

*McClure, Ramsay & Dickerson, Allan R. Ramsay, Martha B. Sikes,* for appellee.