[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision
This case was brought to the Judicial District of Litchfield on appeal by one Stanley Rosgen from a ruling of the Probate Court for the District of Winchester, State of Connecticut.
In this appeal, the plaintiff claims that he is a sole surviving sibling of the deceased Joseph Rosgen who had died in Winchester, Connecticut on December 18, 1994, leaving no issue and predeceased by his spouse who died on August 14, 1994.
The appeal lies from the distribution of the Estate by the Probate Court at Winchester to three charitable contingent beneficiaries of a trust set up for the benefit of the deceased's wife.
On March 11, 1981, Joseph Rosgen executed an inter-vivos trust which provided that the corpus of the trust was to be administered for the benefit of his wife Dorothea Rosgen and upon her death the trust was to terminate and the remaining corpus if any was to be distributed to three charities.[1]
On even date thereof the Settlor of the trust executed a Will with a pour over provision that distributed the residue of his estate to the trust he had set up. The inter-vivos trust was not funded during the lifetime of the testator but instead by its terms certain insurance policies were provided the trustee Hartford National Bank which they were to hold only as custodians. Article Third of the Trust contained the following:
 The Trustee shall have no duty hereunder with respect to such policies except that it shall be responsible for the safekeeping of such policies as are deposited with it.
Trustee was named beneficiary but the settler retained all rights of control over the policies including terminating them (¶ 3 p. 2).
 The Settlor expressly reserves to himself during his lifetime CT Page 2020 with respect to each policy insuring his life and included in the trust the right, exercisable without the consent of the Trustee or the beneficiaries of the trust, (i) to exercise all options, elections, rights and privileges accorded to him under the terms of any such policy, (ii) to obtain all or any part of the loan value of any such policy, (iii) to use any such policy as collateral for a loan, (iv) to receive any dividends or earnings or the cash surrender value of any such policy, and (v) to change the named beneficiary to whom the proceeds of such policy are payable on his death.
The court must determine if the Trust is in existence at the time of the testator's death. To do so, the court must examine the Trust document. The inter-vivo's trust in Article Seventh states as follows. Disposition of Residue of Trust Property Termination of Trust.
 The Trust shall terminate upon the death of the Settlor's said wife and upon such termination the Trustee shall distribute the then principal of the Trust as follows . . .
There is no ambiguity in the language of the Trust. The court is under an obligation to determine the dispositive intent of the Settlor from the language contained in the instrument itself.Hartford National Bank v. Birre, 159 Conn. 35 (1970). It is the duty of the court to determine the meaning of what the Settlor said and not speculate on what the Settlor may have meant to say.Connecticut Bank Trust Co. v. Lyman, 148 Conn. 273 (1961).
The Trust by its own terms terminates on the death of the settlor's wife Dorothea Rosgen, which occurred on August 14, 1994.
It is significant that the trust was never funded although the Settlor Joseph Rosgen had 13 years in which to do so. The insurance policies made payable to the Trust as beneficiary were never transferred to the Trustees. The policies were only held by the Trustees as custodians by the express terms of the trust. The Settlor had the opportunity to amend the Trust during his lifetime and he did not do so.
The primary objective in construing the trust is to ascertain and effectuate the Settlor's intent. Dei Cas v. Mayfield, 199 Conn. 569,572, 508 A.2d 435 (1986); Hartford National bank Trust Co. v.Thrall, 184 Conn. 497, 502, 440 A.2d 200 (1981); Kimberly v. NewHaven Bank N.B.A., 144 Conn. 107, 113, 127 A.2d 817 (1956).In CT Page 2021 searching for that intent, we look first to the precise wording employed by the Settlor; Hartford National Bank Trust Co. v.Thrall, supra; Hartford National Bank Trust Co. v. Birge,159 Conn. 35, 42-43, 266 A.2d 373 (1970); see First National Bank ofAtlanta v. United States, 634 F.2d 212, 214 (5th Cir. 1981); for the meaning of the words as used by the Settlor is the equivalent of his legal intention — the intention that the law recognizes as dispositive.Wisely v. United States, 893 F.2d 660, 655 (4th Cir. 1990). "The question is not what he meant to Say, but what is meant by what he did say." Connecticut Junior Republic v. Sharon Hospital,188 Conn. 1, 20, 448 A.2d 190 (1982); see Hartford National Bank Trust Co. v. Thrall, supra; Warren v. First New Haven NationalsBank, 150 Conn. 120, 123, 186 A.2d 794 (1962); see also Hunter. v.United States, 597 F. Sup. 1293, 1295 (W.D. Pa. 1984).
In Article Eighth of the Trust Agreement, the trust agreement provides for annual accounting only to the Settlor's wife during her lifetime. The clear import of this is that no accounting was contemplated for the Settlor during his — lifetime.
This provision clearly indicates that only one trust was contemplated and clearly from the document read as a whole the Settlor was making provisions for his wife after his death.
This is substantially supported by the language in Article Fifth of the Trust which states:
 If property other than policies of insurance is added to the Trust then the trustee shall at least quarterly during the life of the settlor pay to him or apply for his benefit on the benefit of his wife all of the net income from such property.
In the thirteen years of the trust's existence, at no time was any other property added to the Trust. The Settlor never funded the trust such that it would operate to his benefit during his lifetime.
The meaning of the words used by the Settlor in the Seventh paragraph of his trust is not to be deduced by extricating and examining the words in artificial isolation. Lockwood v. Killian,179 Conn. 62, 70, 425 A.2d 909 (1979); Colonial Bank Trust Co. v.Stevens, 164 Conn. 31, 36-37, 316 A.2d 768 (1972); see Adams v.
United States, 401 F. Sup. 1142. 1151 (D. Han. 1975); Read v.
CT Page 2022Legg, 493 A.2d 1013, 1016 (D.C.App. 1985); First National Bankof Florida v. Moffett, 479 So.2d 312, 313 (Fla.App. 1985). The words must be interpreted in light of their context within the paragraph, and with reference to the trust in its entirety. Deiv. Mayfield. supra; see Estate of Bruning v. C.l.R.,888 F.2d 657, 659 (10th Cir. 1989); Estate of McMillan v. C.I.R.,670 F.2d 788, 791 (8th Cir. 1982).
Not only must all parts (of the trust) be considered, but each and all its provisions should, so far as possible, be harmonized and given effect. Hartford National Bank Trust Co.v. Thrall, supra, 506; see Independence Bank Waukeska (N.A.) v.United States, 761 F.2d 442, 444 (7th Cir. 1985); Greene v.United States, 447 F. Sup. 885, 897 (N.D. Ill. 1978);Connecticut General Life Ins. Co. v. Peterson, 442 F. Sup. 533,537 (W.D. Mo. 1978); Estate of Sweet, 519 A.2d 1260, 1264 (Me. 1987). A court may not stray beyond the four corners of the trust where the terms are clear and unambiguous. In re Estate ofTashjian, 375 Pa. Super. 221, 229-30 n. 3, 544 A.2d 67 (1988); seeConnecticut Junior Republic v. Sharon Hospital, supra, p. 9.
Accordingly, the Court finds, from a reading of the entire document that by its express terms it created only one trust. The contingent provisions for any benefits to the Settlor during his lifetime are inoperative due to a failure of the Settlor to fund the Trust with anything other than contingent insurance policies.
Furthermore, the court finds that the trust terminated by its own terms as per Article Seventh thereof on the death of the Settlor's spouse on August 14, 1994. There being no distributable assets in the Trust, the beneficiary thereof are not entitled to any distribution therefrom.
Having addressed the issue of the language and import of the Trust Aggreement, the Court must now address the issue of the language contained in the last will and testament.
The Rosgen will was executed on March 11, 1981 on the same date as the inter-vivos trust.
The document as alluded to earlier is simple and to the point.
In Article Second the testator gives all his personal property to his wife. The rest and residue of the estate by Article Third thereof is directed to be paid to the Trustee of CT Page 2023 the intervivos trust created by the testator on March 11, 1981 to be administered in accordance with its terms.
There is no provision in the will for the contingency of the wife pre-deceasing the testator. On the contrary in Article Fifth of the will there is only the provision that In the event that my said wife and I die under circumstances in which it is difficult or impossible to determine which one died first it shall be conclusively presumed that she survived me.
Clearly, the Testator was making every provision for his wife's benefit.
On August 14, 1994, the wife of the testator predeceased him. Thereafter the said Joseph Rosen died on December 18, 1994. The will the testator left made no provision for the contingency if his wife pre-deceased him.
In 1958, the Connecticut legislature adopted the Uniform Testamentary Addition to Trusts Act C.G.S. § 45a-260. Among the provisions of this act subsection (c) unequivocably states that any bequest or devise to a terminated trust lapses.
In this case, the application of this statute to the facts of the case creates the necessary conclusion that the Trust subject of the Residuary clause, having terminated on August 14, 1994, pour over to the trust lapses.
Furthermore, since it is the residuary clause of the Will that lapses the failed devise must therefore pass by the laws of intestacy. Morehouse v. Bridgeport — City Trust Co.,137 Conn. 209, 216 (1950). Bronson v. Pinney, 130 Conn. 262, 270
(1943).
The defendants argue that he court should strive for a construction that will avoid intestacy where the intent can be adduced from a reading of the instrument involved.
In construing a will the court will attempt to effectuate the intent of the Testator. Smuda v. Smuda, 153 Conn. 430 (1966). The court is limited however by the language of the Will. Smuda,
supra, at 430.
The court must examine the Will to detennine not what the Testator meant to say but what he did mean by what he said. CT Page 2024McFarland v. Chase Manhattan Bank, 32 Conn. Sup. 20,31 (1973).Connecticut Bank Trust Co. v. Lyman, 148 Conn. 273 (1961).
The court cannot rewrite the Will of a testator nor provide a dispositive provision that a Will has omitted. Colonial Bank Trust Co. v. Stevens, 164 Conn. 31, 41 (1972).
While the court will strive for a construction that will avoid intestacy, construction plainly required by the terms of a Will cannot be avoided because it leads to intestacy. ColonialBank Trust Co. v. Stevens, supra, citing Morehouse v.Bridgeport-City Trust Co., 137 Conn. 209, 216 (1950).
The defendants argue that the court should older a distribution to the charitable beneficiaries of the Trust because it is clear it would be effectuating the intent of the testator. To construe the Will, in the manner suggested by defendants which clearly meant to provide for the testator's wife who unfortunately died prior to the testator, would require the Court to rewrite the Will.
The Connecticut Supreme Court has upheld a refusal to rewrite a Will. In its holding in Smuda v. Smuda, supra, at 430 the court ruled that it was limited in its construction of the Will:
 We are limited to the language used. We may construe a will, but we are powerless to reconstruction one. Thus, where, as here, a contingency has arisen for which the testator made no provision, we are not justified in departing from the expressed intent. Our function is to determine the meaning of what the testator said and not to speculate as to what he meant to say.
Defendants make the argument that the Court should adopt a dual Trust construction. The defendants argue that such a construction would more clearly conform to the testators/settlors intent. In addition, such a construction would bring the documents under the provision of Connecticut General Statute § 45a-482. The purpose of which was to enable a distribution from a Testamentary Trust which has become inoperative by its terms due to the death of a life tenant or because a beneficiary has reached a stipulated age or for any other reason. It contemplates the avoidance of the creation of a Testamentary Trust simply for the purpose that a distribution occur. CT Page 2025
The court is not persuaded that such construction is indicated. The provisions of 45a-482 do not by its terms apply to inter-vivos trust. The Court has found that the trust terminated in August 1994 by the trusts own terms. The trust in this case is an inter-vivos trust and consequently the provisions of §45a-482 do not apply to the present case.
The court now addresses the issue of whether the General Release executed by Stanley Rosgen bars any distribution to Stanley Rosgen. Defendants argue that the release provided by Stanley Rosgen should bar any distribution of the Estate to him. This court on February 5, 1998 after a full evidentiary hearing found that the Release in question operated to release the will contest only.
The language of an instrument must be read in the context of the entire document. Hartford National Bank Co. v. Devitt,145 Conn. 354, 388 and heirs at law are not to be disinherited unless the intent to do so is clear and strong. Connecticut NationalBank Trust Co. v. Chadwick, 217 Conn. 260. Although these cases apply to trust interpretation it is the court's opinion these principles of law apply in the context of reviewing releases dealing with trusts and estates.
If the meaning of a provision is in doubt that construction should be adopted which would permit conformity with the statute of distributions. Ansonia National Bank v. Kunkel, 105 Conn. 744,Connecticut National Bank and Trust v. Chadwick, supra at 275.
This court is not persuaded that any of the authorities cited or evidence heard provide for a different result and accordingly this court re-affirms its decision of February 5, 1998 and rules that the Release in question was intended to release the will contest only and does not bar a distribution from the Estate of Joseph Rosgen to Stanley Rosgen as an heir at law.
The Court permitted the parties to present evidence insofar as to whether the release operated further to release his rights as a potential beneficiary of his brothers Estate by operation of law. After a full analysis of the evidence the court is satisfied that it does not operate as a bar.
Accordingly, it is the judgment of the court that the Plaintiff's Appeal is sustained. The court having found that the Joseph Rosgen inter-vivos trust terminated on August 14, 1994 the CT Page 2026 residuary clause of the Joseph Rosgen Last Will and Testament dated March 11, 1981 lapses and passes by intestacy. And, therefore, the residue of the Joseph Rosgen Estate is ordered distributed to the heirs at law of the said Joseph Rosgen.
The court orders distribution to the plaintiff Stanley Rosgen as an heir at law but remands the case to the Probate Court to determine if there are any other heirs at law entitled to take a portion of the estate in accordance with the decision herein.
It is so ordered.
Kocay, J.