𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

HOWBERT AND OTHERS V. CAUTHORN.

November 20, 1902.

100  649
101  543
d101 566
101  578
100  649
102  634
d102 641

1. REMAINDERS—*Vested or Contingent—Construction.*—The law prefers vested to contingent remainders, and this preference may properly influence a court in cases of doubtful construction, as in fixing the period to which words of survivorship relate where this is left in doubt, but it can never justify the courts in straining the language used in order to make the estate created a vested rather than a contingent remainder.

2. REMAINDERS—*Case in Judgment—Contingent Remainder—Attachment Against Remainderman.*—In the case in judgment the grant was to a trustee in trust for the benefit of Lucy Ann Thomas for life, with remainder in fee-simple to the children of the said Lucy Ann living at her death, and the descendants of such as may be dead, in equal shares by stocks, and if there be no such child or children, nor descendants of such, living at the death of the said Lucy Ann, then over. Lucy Ann and two children were living at the time of the grant, and are still living.

*Held:* 1. The children take contingent remainders.

   2. The interest of each child is too unsubstantial and shadowy to be attached for the payment of his debts.

3. REMAINDERS—*Vested Remainder Defined.*—A remainder is vested when it is subject to no condition precedent, and is always ready, during its continuance, to come into the possession of a certain person, already existing and ascertained, on the determination of the particular estate, now or hereafter, in any manner whatsoever.

Appeal from decrees of the Circuit Court of Bedford county, pronounced October 24, 1900, and June 11, 1901, in a suit in chancery where the appellee was the complainant, and the appellants and others were the defendants.

*Reversed.*

The opinion states the case.

*William Eubank* and *Beasley & Moon*, for the appellants.

*Graham Claytor*, for the appellee.

HARRISON, J., delivered the opinion of the court.

This attachment proceeding in equity was instituted by the appellee against the appellant, Mary E. Howbert, formerly Mary E. Thomas, a non-resident, alleging that appellant was entitled to an estate in remainder in certain real estate, and asking that the same might be subjected to the payment of a debt evidenced by bond executed by appellant to G. T. Cauthorn, and by him assigned to the appellee.

It appears that by deed of July 9, 1862, John F. Sale and wife conveyed to John Frederick Thomas, the father of appellant, certain real estate, in Bedford City, upon trust, for the use of his wife, Lucy Ann Thomas, for life, with remainder, "*in fee simple to the children of the said John Frederick Thomas and the said Lucy Ann Thomas, living at the death of the said Lucy Ann Thomas, and the descendants of such as may be dead, in equal shares by stocks, and if there be no such child or children, nor descendants of any such living at the death of the said Lucy Ann, then the said John Frederick Thomas, if living, shall stand seised of said lot or parcel of land . . . . in fee simple to his own use; and if dead, the same shall vest in fee simple in the heirs at law of the said John Frederick Thomas.*"

John Frederick Thomas died, leaving surviving him his wife, Lucy Ann Thomas, the life tenant, and two children, who were born to John Frederick Thomas and Lucy Ann, prior to the execution of the deed of July 9, 1862; namely, Mary E. Howbert, the appellant, and her brother, J. Walker Thomas, both of whom are still living.

A demurrer was filed to the bill by the appellant which raises the sole question presented for decision by this appeal; whether or not Mary E. Howbert owns an interest, under the deed, that can be subjected to the payment of her debts. The Circuit Court overruled the demurrer, holding that appellant was entitled to a vested remainder in one moiety of the real estate mentioned, and decreed a sale of the interest thus established to satisfy the debts that had been reported. This action of the lower court is assigned as error; it being contended on behalf of appellant that her interest in the land is not a vested remainder, but a contingent remainder that cannot be subjected to sale.

It is true that the law prefers vested to contingent remainders, and this preference may lawfully and properly influence the mind in cases of doubtful construction; but it can never justify the courts in making a deed or will, or in straining the language used in order to make the estate created a vested rather than a contingent remainder. *Olney* v. *Hull*, 21 Pick. (Mass.) 311; *Vashon* v. *Vashon*, 98 Va. 170. In obedience to this disposition in favor of vested remainders this court has held, where the question involved was the period to which words of survivorship related, that, in the absence of the expression of a particular intent, the survivorship has relation to the death of the testator. *Martin* v. *Kirby*, 11 Gratt. 67. And in *Hansford* v. *Elliott*, 9 Leigh, 79, Judge Parker, in determining whether the words surviving children should be taken to refer to the period of the testator's death, or to the death of his widow, the tenant for life, says: "If to the former, the interest vested in all of the testator's children living at his death, and passed to their representatives, the time of distribution being alone postponed; if to the latter, then Elizabeth and Peter Manson, who alone survived the life tenant, were entitled to the whole property."

In the case at bar the language of the grantor is perfectly

clear, leaving no room for question or doubt as to its meaning and purpose. After carving out the life estate in favor of Lucy Ann Thomas, the remainder is given to the children *"living at the death of the said Lucy Ann Thomas,"* and if there be no such child or children, nor the descendants of any such *"living at the death of the said Lucy Ann,"* then over. This language is too plain for construction. In express terms the period of survivorship is fixed at the death of Lucy Ann Thomas, the life tenant. It is manifest that the remainder-men, who are to take after the termination of the life estate, cannot be known or ascertained until the life tenant is dead, for it is not given to man to know who will survive a future event, itself, in point of time, the most uncertain of all events. It is therefore clear that appellant has no interest under the deed in question during the lifetime of her mother, Lucy Ann, but a contingent remainder. Her interest is dependent upon the condition precedent that she survive the life tenant. She may, therefore, never have an interest in the subject, for if the life tenant should survive her, the estate would pass to others whose identity cannot be now known or determined.

The only way in which the remainder in favor of appellant could be considered vested would be by construing the words of survivorship ("living at the death, etc.") as creating a condition subsequent, instead of precedent, this latter being plainly the nature of the condition in the case at bar, both on principle and authority. Very often a remainder will be construed to be a vested estate upon a condition subsequent liable to be divested by the happening of the contingency, rather than declare it to be a contingent remainder, as it would be if the condition were precedent. Graves on Real Property, p. 194, note.

Professor Graves, in his work on Real Property, after pointing out that, in considering a remainder, we must assume that it still exists as a remainder, and judge of its character as vested or contingent under the facts as they are at the moment the ques-

tion arises, gives the following very clear and satisfactory defi-
nition of a vested remainder: "A remainder is vested when it is
subject to no condition precedent, and is always ready, during
its continuance, to  come into the possession of a certain per-
son, already existing and ascertained, on the determination of
the particular estate, now or hereafter, in any manner whatso-
ever." And adds that "any remainder not so ready is contin-
gent." In a note to this definition, the learned author says:
"It will be observed that the definition requires that the re-
mainderman, at the time the question arises, should already be
in existence and ascertained; and it is not enough, in order to
consider the remainder now vested, that he will become ascer-
tained at the moment the particular estate ends and the posses-
sion becomes vacant. Thus there are cases where the same
event that ends the particular estate ascertains the remainder-
man; and whenever the possession becomes vacant there will
then be a certain person ready to take possession; as in the
limitation, to A for the life of B, remainder to the heirs of B,
or to A and B for life, remainder to the survivor and his heirs.
Here the remainder will vest and come into possession *eo in-
stanti* on the death of B in the one case, or the survivorship of
A or B in the other, but meanwhile it remains contingent, be-
cause, as yet, there is no "determinate person" in whom "the
estate is invariably fixed," for *nemo est haeres viventis*, and who
can now tell whether A or B will be the survivor? A test sug-
gested by Professor J. Randolph Tucker will clearly show that
these remainders are contingent, viz: Is the remainderman a per-
son to whom you could give livery of seisin now, if his estate
were present and not future? How could livery be made to the
heirs of B while B is living, or to the survivor of A and B while
both are alive?  .  .  .  For the reasons above stated, Fearne's
Test of a vested remainder, viz: 'The present capacity of tak-
ing effect in possession, if the possession were to become va-
cant," is open to exception in omitting to add, after "taking

effect in possession,' the words *'of an already existing and ascertained person;'* but the whole tenor of his discussion of remainders shows that this was intended." Graves on Real Property, pp. 190-4.

In 20 Am. and Eng. Ency. of Law (1st ed.), pp. 841, 842, we find the following very clear statement of the law bearing upon this question: "The fact that the remainder from the very instant of its creation is capable of taking effect in possession or enjoyment at any moment the possession or enjoyment may become vacant by the determination of the particular estate does not, as is frequently asserted, necessarily show that it is vested; nor yet is it quite accurate to say that 'When it is certain that the remainder may take effect in possession, on the determination of the preceding estates of freehold, at whatever time and however early, and by whatever means, these estates may determine,' the remainder must be considered as vested. Thus if an estate be limited to two for life, remainder to the survivor of them in fee, the remainder is contingent, for until one of them die, it is uncertain which will be the survivor; or if the land be limited to A for life, remainder to 'such of his children as shall be living at his decease,' each child has but a contingent remainder during A's life, since until his death it is impossible to tell which of the children will answer the description, and yet, inasmuch as under both these limitations the person or persons who are to take are ascertained immediately on the determination of the particular estate, the remainders may well be said to be capable of taking effect in possession or enjoyment at any moment the possession or enjoyment may become vacant by the death of the life tenant, and may even be said to be certain to take effect on that event unless the remaindermen predecease the life tenant. A moment's consideration shows that the apparent anomaly arises from the fact that whether the remainders will ever take effect in possession really depends upon two contingencies, (1) Whether the remainder-

men answer the description; (2) Whether they survive the life tenant, and that the first depends upon the second and seems to be merged in it, whereas in reality, until the life tenant dies, it always exists, and affects the remainders with a contingency irrespective of their own duration. It is therefore submitted that, in order that a remainder may vest in interest, not only must it be capable of taking effect in possession at any moment the possession may become vacant, but there must also be some certain and determinate person *in esse* and ascertained who answers the description of the remainderman at some time during the continuance of the particular estate, and not merely at its determination."

The law touching the nature of vested and contingent remainders is stated in Washburn on Real Property as follows: " 'The present capacity of taking effect in possession, if the possession were now to become vacant, and not the certainty that the possession will become vacant before the estate limited in remainder determines, universally distinguishes a vested remainder from one that is contingent.' By *capacity*, as thus applied, is not meant simply that there is a person *in esse* interested in the estate, who has a natural capacity to take and hold the estate, but that there is further no intervening circumstance, in the nature of a precedent condition, which is to happen before such person can take. As, for instance, if the limitation be to A for life, remainder to B, B has a capacity to take this at any moment when A may die. But if it had been to A for life, remainder to B, after the death of J. S., and J. S. is still alive, B can have no capacity to take till J. S. dies. When J. S. dies, if A is still living, the remainder becomes vested, but not before."

The author, in further considering the fact that a remainder is contingent by reason of the person who is to take it not being ascertained, says: "Thus upon a devise to A for life, remainder to the surviving children of J. S., it is obvious that, in terms, it

is equivocal whether the surviving relates to the death of the testator, or to A. If to the latter, the remainder must be contingent, since no one can tell who will be such survivors until the death of A. Whereas, if the term relates to the testator's death, and J. S. then have children, the remainder is a vested one, since there is then an ascertained person, *in esse*, capable of taking the estate *in præsenti* at any moment." 2 Washburn on Real Prop. (3d ed.), sec. 1, paragraphs 17-18, top pp. 507-510.

It will be observed that the learned author treats the remainder as contingent, without question, when the period of survivorship relates to the death of the life tenant. In such case he says: *"The remainder must be contingent, since no one can tell who will be such survivors, until the death of A,"* the life tenant.

In *Olney* v. *Hull*, 21 Pick. 311, a testator, after devising to his wife the use of his real estate, while she remained his widow, proceeded as follows: "Should my wife marry or die, the land then shall be equally divided among my surviving sons, with each son paying sixty dollars to my daughters, to be equally divided among them, as soon as each son may come into possession of said land." It was held that the remainder given to the sons was contingent until the marriage or death of the widow of the testator; and that upon her death, the estate vested in a son who was then living, to the exclusion of the heirs of another son who died before the widow, but after the death of the testator. See also *Blanchard* v. *Blanchard*, 1 Allen, 223; *Ducker* v. *Burnham*, 146 Ill. 9; *In Re Rider*, 11 Paige, 185; *Stump* v. *Findlay*, 2 Rawle, 168; *Watson* v. *Smith*, 110 N. C. 6 (14 S. E. 640); *Nicholson* v. *Cousar*, 50 S. C. 206, 27 S. E. 628; *Henderson* v. *Peachy*, 3 Leigh, 68; *Baylor* v. *Dejarnette*, 13 Gratt. 152; *Wallace* v. *Minor*, 86 Va. 550; *Robinson* v. *Robinson*, 89 Va. 916; *McComb* v. *McComb*, 96 Va. 779.

The very earnest contention that the estate in question is a

vested, and not a contingent remainder, has induced a more ex-
tended citation of authority than would have otherwise been
considered necessary. The conclusion reached might have been
rested alone upon the recent decision of this court in *Vashon* v.
*Vashon*, 98 Va. 170, which clearly rules the case at bar. In
that case, the deed, after creating a life estate in favor of
George S. and Martha V. Vashon, disposes of the remainder
in the following words: "But if, upon the death of the said
Martha V. Vashon, the said George S. Vashon shall not be
living, or if, upon the death of the said George S. Vashon, the
said Martha V. Vashon shall not be living, then upon the fur-
ther trust to sell the said property in such manner as may seem
best to the said party of the second part, his heirs, assigns, or
successors in the office of trustee, and to divide the proceeds of
such sale among the issue of the body of the said George S.
Vashon, the same taking *per stirpes* and not *per capita*, if such
issue of his body there should be, and if there should be no such
issue then living, to pay over the same to the heirs at law of the
said George S. Vashon."

George S. Vashon had a numerous family of children, some
of whom died during his lifetime unmarried and without issue.
The contention was that the children of George S. Vashon,
living at the date of the deed, took a vested remainder, but this
court denied that claim, and held that said children took con-
tingent remainders which were defeated upon their death with-
out issue during the life of George S. Vashon; that the interest
of the children, under the deed, was dependent upon their
being alive at the death of their father, who survived Martha
V. Vashon, a contingency which never happened, and that
therefore they had no estate which their father could inherit.
Graves on Real Prop., *supra; Price* v. *Hall*, L. R., 5 Eq. 399;
*Augustus* v. *Seabolt*, 3 Metc. (Ken.) 155; *McCraw* v. *Daven-
port*, 6 Port. (Ala.), 319; *Nash* v. *Nash*, 12 Allen, 345.

Inasmuch as Lucy Ann Thomas, the life tenant in the case

at bar, is still living; and J. Walker Thomas, the brother of the appellant, is still living, it follows, in the light of the foregoing authorities, that the appellant has a contingent remainder in one moiety of the land mentioned, subject to be defeated by her death in the lifetime of Lucy Ann Thomas, when the interest would pass under the deed to others.

The second branch of the case involves the question whether or not such an unsubstantial and shadowy right as that held by the appellant can be subjected to sale for the benefit of her creditors. Such an interest is a pure contingency—a bare possibility whether it will ever exist or not. During the life of Lucy Ann Thomas such an interest hardly arises to the dignity of an estate. On the part of a purchaser, at a judicial sale, it would be a perfect hazard, for it could not be known to anyone whether the supposed interest, being sold, would ever be of any value. It would be a mere speculative transaction and ruinous in its consequences, not only to the creditors, but to all parties interested. It has not been, that we are aware of, the practice to offer at public auction such an interest for the satisfaction of debts, nor do we think that such a practice should be established. See *Watson* v. *Dodd*, 68 N. C. 528; *Watson* v. *Watson*, 3 Jones Eq. 400; *Jackson* v. *Waldron*, 12 N. Y. Com. Law, 176; *Breeding* v. *Davis*, 77 Va. 639; *Young* v. *Young*, 89 Va. 675. In *Watson* v. *Dodd*, *supra*, it was held that the contingent interest of one of the devisees, expectant upon the death of the life tenant without issue, could not be subjected to the payment of his debts. In *Watson* v. *Watson*, *supra*, the court declared that, the land being limited by way of contingent remainder to persons not *in esse*, it had no power to order a sale for the purpose of converting it into more beneficial property. The principle involved is analogous to that decided in the recent case of *Boisseau* v. *Bass*, *ante* p. 207, where it was held that the interest of an assured in a policy on his life which has no present market value, but is dependent for its continued

existence on voluntary payments to be made in the future by the assured, is not such an interest or estate as can be reached by the *fieri facias.*   7 Va. Law Register, 859.

For these reasons we are of opinion that the decree appealed from should be reversed, and a decree entered here sustaining the demurrer, and dismissing the bill filed by the appellee with costs.

*Reversed.*