## 27795. RUTH et al. v. FIRST NATIONAL BANK OF ATLANTA et al.

ARGUED MARCH 13, 1973 — DECIDED APRIL 13, 1973 — REHEARING DENIED APRIL 25, 1973.

*Westmoreland, Hall & Bryan, Harry P. Hall, Jr., P. Joseph McGee,* for appellants.

*Phillip F. Etheridge, Shoob, McLain & Jessee, James P. McLain, Gerald H. Appleby,* for appellees.

NICHOLS, Justice. In construing a will the first and foremost rule of construction is to determine the intention of the testator. Code § 113-806. Generally, courts are not limited in construction of a will to a particular item, sentence or clause, but may look to the four corners of the will to ascertain the intention of the testator. See *Davant v. Shaw,* 206 Ga. 843 (59 SE2d 500); *Aiken v. Aiken,* 209 Ga. 819 (76 SE2d 481).

Looking at the four corners of the will, the last paragraph of the ninth item cannot be excluded as was done by the trial court, and the intention of the testator must be determined, if no ambiguity exists, by giving proper consideration to such paragraph.

Much emphasis is placed upon the use of the word absolutely after four of the five bequests dealing with the final distribution of the trust estate. However, a review of the whole will shows that in item 5 after giving a designated amount of money to one beneficiary "absolutely" the testator provided that in the event such designated person did not survive the testator, such money was to go to other named beneficiaries. The use of the word "absolutely" must be construed as a word of a description of the quantum of estate given and not as a word describing the right of the named legatee to take.

The will provided that the trust would be terminated upon the death of his sister, should she survive him, and

that *then* the remainder of the estate would go to named persons or substitutes if such named beneficiaries were not in life at the time of distribution of the estate. This use of the word "then" must be construed as "at that time" and when taken in conjunction with the last unnumbered paragraph of item 9, there was no vesting of any estate in the trust in the beneficiaries until the death of the testator or his sister, whichever occurred later. See *Fourth Nat. Bank of Columbus v. Brannon,* 227 Ga. 191 (179 SE2d 232), and cits. Since the beneficiaries under subparagraphs (2) and (4) of item 9 did not survive the testator's sister, 3/8 of the trust would be distributed to the named beneficiaries in subparagraphs (1), (3) and (5), with those named in subparagraphs (1) and (3) receiving twice the amount the beneficiary named in subparagraph (5) would receive.

The judgment of the trial court holding that the estate vested upon the death of the testator as to Margaret W. Woodall and upon the death of Louise E. Carroll that the share referred to in subparagraph (4) vested in Clayton W. Wright contingent only as to event must be reversed.

*Judgment reversed. All the Justices concur.*