appellee.

## 30987. WORLEY et al. v. SMITH.

HALL, Justice.

This appeal involves the construction of the will of Mary Ola Pitts who was the owner of certain land. Following her death, her daughter Bessie purported to convey this land to Smith, and Bessie's title came under challenge. Smith brought an action to quiet title naming numerous heirs of Mary Ola Pitts as defendants, and on cross motions for summary judgment the trial court ruled for him. The Pitts heirs now appeal.

Mary Ola died leaving three children: Jeff, Nick and Bessie. In her will, Land Lot 137 of the 13th District of Crisp County was devised to Bessie; Land Lot 152 was devised to Nick; and provisions not herein pertinent were made for Jeff. Both devises contained the same language of defeasance: "I give and bequeath to A, Lot X . . . with the proviso that if A shall die without issue, in that event, said property bequeathed to A shall revert to my other children at A's death, per stirpes." Jeff died first, intestate, without issue, survived only by his wife, Gladys, who is still in life. Nick died next, intestate, without issue, survived only by his wife, Myrtice, who has since died leaving certain heirs at law. Bessie is still living but she is widowed, without issue, and approximately eighty (80) years of age. Bessie has executed and delivered to Kenneth Smith a purported conveyance of the fee simple interest and title to both Land Lot 152 and Land Lot 137.

It is not disputed that the two devises in question did not grant fee simple titles, but created some form of defeasible fee. Smith contends, and the trial court agreed, that Bessie as the last surviving child when the others died without issue, took a fee simple in both parcels because it was clearly Mary Ola's intent that her last surviving child do so if the others left no issue. However, the Pitts heirs point out that Bessie, like the other two devisees, may well die without issue, and the language of the will makes

Bessie's estate in Land Lot 137 defeasible in that event.

The crux of the problem in this lawsuit is that the situation we now know is most apt to happen, that the last survivor of the three children will also die without issue as did the other two, was simply not foreseen by the testatrix. Our primary guide, however, is her intention as it may be gathered from the four corners of the document. Code Ann. § 113-806; *Ruth v. First Nat. Bank of Atlanta,* 230 Ga. 490 (197 SE2d 699) (1973); *Bryant v. Green,* 187 Ga. 89, 91 (199 SE 804) (1938).

The devises here in issue were to ripen into fee simples only if the devisee left "issue" — not merely a widow or other heirs at law. If in any case there were no such children, then the gift was to be taken from that family line and placed in another. Thus, it is inescapable that testatrix's intent was to keep this land in her family by allowing the devise to ripen fully only if there were children of the first taker to take from the first taker. Thus, as Jeff survived no first taker, he and his heirs take nothing. At Nick's death, Bessie became fee simple owner of Land Lot 152. See Code Ann. § 85-505. It remains to determine the ownership of Land Lot 137.

We find that testatrix's intent can be carried out only by allowing her sole surviving child to take absolutely in the event of a total failure of issue.

Appellants urge that we rule that the class of children is to be determined at the death of testatrix so that the heirs of Nick and Jeff have vested interests and shall receive Bessie's land upon her death without issue. But this yields two insupportable results. One is that despite testatrix's manifest intent to benefit her children and grandchildren and keep the property from going to spouses, nonetheless her living child Bessie'retains only a life estate and at her death it is the relatives by marriage of testatrix's two deceased sons who will inherit the fee. The other anomalous result of the interpretation appellants urge is that there is a hidden detriment in being the last surviving child where no child has issue: whereas the heirs at law of the earlier-deceased children have vested interests, the heirs at law of the last surviving child take absolutely nothing. That follows from the words "in that event, said property . . . shall revert to my

*other* children. . . "

We cannot adopt an interpretation so plainly at odds with testatrix's intent.

Nor is the result appellants urge required by *Bryant v. Green,* supra. There, the court held the class was determined at testator's death—but the court in that case was not confronted with the situation here, in which there is a failure of the grandchildren testatrix plainly expected, and no one to take the last gift over (of Land Lot 137).

We hold that the will expresses a manifest preference for children and grandchildren; that the gift over which testatrix plainly anticipated at Bessie's death was either to Bessie's children or to others of testatrix's living children or to the children of earlier deceased children but that this gift over is now a virtual impossibility; that the intent of the testatrix in these circumstances would be to remove the condition on the gift to Bessie so that Bessie's estate should ripen into a fee simple.

It follows that at the time of the conveyance to Smith, Bessie was the fee simple owner of Land Lots 137 and 152. The trial court did not err in ruling that after the conveyance, Smith was the fee simple owner of these parcels of land.

*Judgment affirmed. All the Justices concur, except Undercofler, P. J., Ingram and Hill, JJ., who concur specially.*

ARGUED APRIL 13, 1976 — DECIDED MAY 18, 1976.

*Mixon, Forrester & Culpepper, George M. Mixon, P. Melton Culpepper, Jr.,* for appellants.

*Roberts, Roberts & Rainwater, David N. Rainwater,* for appellee.

UNDERCOFLER, Presiding Justice, INGRAM and HILL, Justices, concurring specially.