**In re James Tillman HICKS, Jr. a/k/a J. T. Hicks, Jr. a/k/a Sonny Hicks, Debtor.**

**Benjamin C. ABNEY, Trustee, Plaintiff,**

**v.**

**James Tillman HICKS, Jr., the Citizens and Southern National Bank, and Lois Reagan Hicks, Defendants.**

**Bankruptcy No. 80–01342A.
Adv. No. 81–1877A.**

United States Bankruptcy Court,
N. D. Georgia.

July 26, 1982.

244

Jeffrey Starnes, Conyers, Ga., for James Tillman Hicks, Jr.

C. R. Vaughn, Jr., Vaughn & Barksdale, Conyers, Ga., for C&S Nat. Bank and Lois Reagan Hicks.

## ORDER

W. HOMER DRAKE, Bankruptcy Judge.

This case is before the Court on the plaintiff's Complaint for Declaratory Relief to determine what interest, if any, the debtor may have in certain property held in trust pursuant to his father's will. The plaintiff alleges that the interest held by the debtor is a vested remainder and that the debtor held this interest when he filed his bankruptcy petition. If this interest exists, it would be part of the estate of the debtor under 11 U.S.C. § 541(a)(5)(A). *In re McLoughlin*, 507 F.2d 177 (5th Cir. 1975). The defendants contend that the interest which the debtor has under his father's will is contingent and not vested. The parties have filed Motions for Summary Judgment and submitted briefs in support thereof.

The will in question is that of James Tillman Hicks, Sr., the debtor's father. Mr. Hicks, Sr. died May 29, 1970, almost ten years prior to the time the debtor filed his petition in bankruptcy on April 24, 1980. The Citizens and Southern National Bank ("C&S") and Lois Reagan Hicks are trustees of the residuary trust created pursuant to Item V of the Last Will and Testament of J. T. Hicks, Sr. Lois Reagan Hicks, who was the wife of J. T. Hicks, Sr., and the mother of the debtor, is currently alive. She was given a life estate and the power of appointment which enabled her to direct the trustee to turn over any of the corpus of the trust to any descendant of J. T. Hicks, Sr. or to pay any income from the trust to any descendants of J. T. Hicks, Sr. Lois Reagan Hicks has not exercised this power of appointment.

The power of appointment held by Lois Reagan Hicks gives her total discretion as to the division of the trust corpus among the descendants of J. T. Hicks, Sr. The

Benjamin C. Abney, Carr, Abney, Tabb & Schultz, Atlanta, Ga., for plaintiff.

vesting of the debtor's interest in the estate is contingent upon one of two events. The first is the exercise of the power of appointment by Lois Reagan Hicks. The plaintiff contends that this Court should find a vested interest in J. T. Hicks, Jr. Essentially, that would require the Court to compel Mrs. Hicks to exercise her power of appointment. Section 37–602 of the *Ga.Code* states that: "Equity may not compel a party, having a discretion, to exercise the power of appointment;". Based on *Ga.Code* § 37–602, this Court finds that it cannot compel the exercise of a discretionary power of appointment. See also *In re McLoughlin, supra.*

 Lois Reagan Hicks was given a life estate in the trust created under the will of J. T. Hicks, Sr. Under Georgia law, when a will creates a life estate for the widow, the remainder interest does not vest in the remaindermen until the death of the life tenant, and the estates of the remaindermen who predecease the life tenant are not entitled to an interest in the estate. *Ruth v. First National Bank of Atlanta*, 230 Ga. 490, 197 S.E.2d 699 (1973). Accordingly, the interest created in the children of J. T. Hicks, Sr. is a contingent remainder. The *Ruth* case illustrates the second way by which J. T. Hicks, Jr.'s interest could vest, i.e. J. T. Hicks, Jr. would have to survive the life tenant, Lois Reagan Hicks. Because the estate created in the children is a contingent remainder, it is not property of the debtor's estate under 11 U.S.C. § 541(a)(5)(A) and therefore it is not subject to the claim of the trustee in bankruptcy. *Thornton v. Scarborough*, 348 F.2d 17, 22 (1965).

In a recent case, the Fifth Circuit Court of Appeals held that under Georgia law, a father's will created contingent remainders in his children who are required to survive a mother-life tenant because until her death, her survivors were unascertained persons. *In re McLoughlin*, 507 F.2d 177, 182 (1975). Since Lois Reagan Hicks is in life and was alive at the time the debtor filed his bankruptcy petition, the beneficiaries of the trust cannot be ascertained, and their interests are contingent. *Id.* at 181.

Because the interest created in the debtor is a contingent remainder, it is non-transferrable under Georgia law. *Id.* at 181.

Therefore, for the above-stated reasons, the debtor's interest in J. T. Hicks, Sr.'s will is a contingent remainder and is not subject to the claim of the trustee in bankruptcy as property of the estate under the ambit of 11 U.S.C. § 541. The plaintiff's Motion for Summary Judgment is hereby denied and the defendants' Motion for Summary Judgment is granted.

IT IS SO ORDERED.