**In re Vincent A. DIAS and Cheryl A. Dias, Debtors.**

**Teresa KLOOS, Trustee, Plaintiff,**

**v.**

**Vincent A. DIAS and Cheryl A. Dias, Debtors, and Twin Falls Bank & Trust Company, a corporation, Defendants.**

**Adv. No. 83–0854.**

United States Bankruptcy Court, D. Idaho.

March 14, 1984.

Jim D. Pappas of Green, Service, Gasser & Kerl, Pocatello, Idaho, for plaintiff.

Daniel A. Slavin of Stephan, Slavin & Kvanvig, Twin Falls, Idaho, for defendant Twin Falls Bank & Trust Co.

Randy J. Stoker, Twin Falls, Idaho, for defendants Dias.

## MEMORANDUM DECISION

M. S. YOUNG, Bankruptcy Judge.

This matter is presently before the Court upon cross motions for summary judgment by the plaintiff, trustee of the chapter 7 bankruptcy estate of defendants Vincent and Cheryl Dias, and by the debtors. The key issue presented relates to a trust established by the grandparents of Cheryl Dias and its status following bankruptcy. The operative facts are simply stated.

In February, 1968, Clyde and Faye Gordon established an inter vivos trust under which certain assets were to be administered by the trustee for the maintenance and support of the Gordons during their lifetime. Upon the death of the last of the testators, the trust was to terminate and one-half of the corpus of the trust was to go to one daughter (or her survivors) and the other one-half was to be distributed to three granddaughters, including debtor defendant Cheryl Dias. The granddaughter's portion of the trust was distributable only if each beneficiary had reached 25 years of age; prior to that time, the successor trustee, defendant Twin Falls Bank & Trust, had sole discretion to invade each granddaughter's proportionate share of the trust income or principal to provide for her support or education. There was no right to distribution, other than the discretionary payments by the trustee, until age 25. There is no "spendthrift" restraint in the trust instrument.

Cheryl Dias and her husband filed a petition for relief under chapter 13 of the Code on September 1, 1982. That proceeding was converted to one under chapter 7 on March 8, 1983. In December, 1983, Cheryl Dias reached the age of 25 and, under the terms of the trust, became entitled to distribution of her share of the corpus.

The primary issue, as counsel appear to agree, is determining what interest, if any, the estate gained in the trust under § 541(a)(1) on September 1, 1982. Section 348 of the Code makes this the relevant date following conversion.

There can be little dispute that a beneficial interest in a trust is an equitable interest under § 541(a)(1), though legal title is held by the trustee under the instrument, here Twin Falls Bank & Trust. The difficulty arises in defining this interest for purposes of administration of the bankruptcy proceeding. Whatever the nature of the equitable interest held by Cheryl Dias as

cestui que trust of the Gordon trust on September 1, 1982, will innure to the benefit of the bankruptcy estate.[1] Unfortunately, there is virtually no Idaho case law concerning beneficiaries' interests. However, nothing appearing in the statutes of Idaho to the contrary, it is reasonable to assume that the common law treatment of trusts and beneficial interests would be followed by the Idaho courts.

It is useful in this case to segregate and separately analyze the interests held by Cheryl Dias on September 1, 1982. She had an equitable right to payments or distributions for her support and education, which disbursements were committed to the sole discretion of the trustee. Where, by the terms of the trust, such disbursements may occur only for support and only in the discretion of the trustee, creditors are not entitled to access to the trust income or corpus since even the beneficiary has no access or ability to compel payment. See Restatement (2d) Trusts, § 154; Bogert, (Vol. 3) Trusts and Trustees (Rev.2d ed. 1979) § 228–29; II Scott on Trusts (3d ed. 1967) § 154; 6 Am.Jur.2d Attachment and Garnishment § 193. I conclude that although the vested equitable interests of Cheryl Dias to discretionary disbursements for her support or education became property of the estate on September 1, 1982, this interest had no value under state law. It could not be sold or otherwise invaded by her nor involuntarily made subject to creditors for her debts.

The other equitable interest held by Cheryl Dias on the date of filing was a one-third interest in the corpus of the granddaughter's portion of the trust payable upon her reaching 25 years in age. This interest, equitably vested though contingent or subject to divestment, was alienable by her and was subject to attachment or levy by creditors on September 1, 1982. See Restatement (2d) Trusts, § 147; 76 Am.Jur.2d Trusts §§ 106–107; Bogert, *su-*

---

1. Under § 70(a)(5) of the Act, the beneficiary's interest became property of the estate only if it was either alienable or was subject to attachment or levy by creditors. See 4 Collier on Bankruptcy (15th ed.) ¶ 541.09 at p. 541–54, and ¶ 541.14 at p. 541–69. Though this analy-

sis was changed by the Code, with all interests now becoming part of the estate regardless of their alienability by the debtor, the value of the property depends on the same factor since the estate takes no greater interest in the property than the beneficiary had at filing.

pra, (Vol. 2) at §§ 188, 193; Scott, *supra*, at § 162. This is true since it is not one of those cases where the contingency is so remote or speculative as to make attachment and sale unreasonable, i.e. where the interest would bring a nominal or tremendously undervalued price not significantly benefiting creditors and unconscionably injuring the beneficiary should the interest ever vest in possession. See Restatement (2d) Trusts § 162; Scott, *supra;* Bogert, *supra,* at § 193.

In this case, the interest of Cheryl Dias in her share of the trust in September, 1982, was not so remote or speculative as to have no value. Since no provision in the trust provides to the contrary, (i.e., a spendthrift clause), Cheryl Dias could have sold or assigned that interest for value on the date of petition. The fact that the interest was subject to divestment some 15 months later, should Cheryl Dias not reach the age of 25, obviously reduces the value of that beneficial interest below the September, 1982, face value of her proportional share of the trust.

Based upon the foregoing, and finding that under § 541(a)(1) this interest is property of the estate, I will grant plaintiff's motion for summary judgment and deny defendants' motion for summary judgment. However, by her complaint, plaintiff seeks the full, now distributable interest of debtor in the trust. As noted, plaintiff's interest under § 541(a)(1), and thus the right to compel turnover, is limited to the value of that beneficial interest as it existed on the date of the filing the petition for relief. Facially, it is less than the full distributable share now that Cheryl Dias has reached the age of 25.

Plaintiff and the defendant trustee of the Gordon trust have stipulated to a cash accounting of trust activity. Defendants Dias were not a part of that stipulation. This information reflects Cheryl Dias' "cash entitlement" (apparently part of the vested but contingent interest) as of January 31, 1982 was $19,537.48, less disbursements previously made of $12,613.12, leaving a net cash interest in the trust on that date of $6,924.36. Between January 31, 1982 and July 1, 1982, Cheryl Dias received another $6,695.00 in disbursements from the trust. Therefore, the balance of the cash portion of her interest in the trust corpus on July 1, 1982, some two months prior to bankruptcy, was $229.36. She apparently received no disbursements subsequent to July, 1982. It appears that her interest has since increased, however, it is unclear what that cash interest was on September 1, 1982, the date of commencement of the case. Her additional interest in stock in the trust is valued at approximately $20,250.00 as of January, 1984. But the valuation of such stock at any earlier time, and particularly at September 1, 1982, is not set forth. Nor is any evaluation made of the net value of this interest which could have been realized as of the date of the petition should it have been seized by creditors or sold by the beneficiary.

Unless the parties are able to reach agreement as to these amounts, trial would appear necessary. I will expect counsel to advise the Court if settlement is reached within 30 days and, if not, to set the matter for trial.