In the Matter of Therese M. STRABLEY, Debtor.

James R. KANDEL, Trustee, Plaintiff,

v.

Richard REICHEL, Trustee of Therese M. Strabley Trust and Therese M. Strabley, Defendants.

Bankruptcy No. 685–01027.

Adv. No. 688–0055.

United States Bankruptcy Court, N.D. Ohio.

Dec. 13, 1988.

Donald M. Miller, Canton, Ohio, for plaintiff.

Richard G. Reichel, William W. Emley, of Amerman, Burt & Jones Canton, Ohio, for defendants.

## MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Chief Judge.

Presently before the court is a complaint filed by James A. Kandel, the Chapter 7 trustee, seeking a determination that property of the Therese M. Strabley Trust is property of the bankruptcy estate. Richard Reichel, trustee of the Therese M. Strabley Trust, and the debtor, Therese M. Strabley, (Defendants) answered denying the essential allegations of the complaint.

A pre-trial conference was held whereat the parties agreed that the issue in dispute would be submitted to the court upon stipulations of fact and briefs.

### FACTS

On November 10, 1980, the debtor established the Therese M. Strabley Trust with Richard Reichel being the trustee. On September 3, 1985, the debtor filed for relief under Chapter 7 of Title 11 of the United States Code. At the time of the bankruptcy filing the only asset of the trust was a landlocked .623 acre tract of unimproved real estate. The trust and its sole asset were not scheduled in the debtor's bankruptcy petition.

More than one (1) year subsequent to the bankruptcy filing, specifically on September 29, 1986, a .008 acre tract of real estate which provided access to a public road was conveyed to the trust. In return for this conveyance, a small portion of the original .623 acre tract was transferred out of the trust. After this exchange of real estate, the trust property was improved by erecting a house thereon.

The Chapter 7 trustee maintains that the trust is an asset of the bankruptcy estate and as such, he is entitled to the original property of the trust and also the subsequently enhanced value of the real estate. The Defendants assert that the Chapter 7 trustee is only entitled to the value of the

real estate as it existed when the debtor filed bankruptcy.

### DISCUSSION

■■■ 11 U.S.C. § 541 establishes what property is to be included in the bankruptcy estate. However, bankruptcy courts must still look to state law in determining the existence and nature of the debtor's interest in property. *In re Butts,* 46 B.R. 292 (Bankr.N.D.1985); *In re Hurricane Elkhorn Coal Corporation II,* 19 B.R. 609 (Bankr.W.D.Ky.1982).

Ohio law regarding trusts provides:
[A] trust is the right, enforceable in equity, to the beneficial enjoyment of property the legal title to which is in another. As defined in the Restatement, a trust ... is a fiduciary relationship, with respect to property, arising as a result of a manifestation of an intention to create it and subjecting the person by whom the title to the property is held to equitable duties to deal with it for the benefit of another person.... A trust, in its technical sense, is the right, enforceable solely in equity, to the beneficial enjoyment of property of which the legal title is in another.

53 O.Jur.2d *Trusts,* § 2 (1962) (citations omitted).

As to the beneficiary's interest, he or she, of course, does not have legal title to the trust property which instead is vested in the trustee. The beneficiary takes only a vested equitable interest. 54 O.Jur.2d *Trusts,* § 154 (1962) (citations omitted).

As previously stated, 11 U.S.C. § 541 establishes what property is to be considered part of the bankruptcy estate and, pursuant to subsection (a), the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case."

In *In re Dias,* 37 B.R. 584 (Bankr.Idaho 1984), the court, in ruling on a motion for summary judgment filed by the Chapter 7 trustee, held that the trustee's interest under Section 541(a) in an inter vivos trust, and thus the right to compel turnover, is

limited to the value of the beneficial interest held by the debtor as it existed on the date of the bankruptcy filing.

In the instant proceeding, the debtor's sole interest in the trust as of the commencement of the case was an equitable interest in the .623 acre tract of real estate. Accordingly, the Chapter 7 trustee is entitled only to the value of that same equitable interest.

The Chapter 7 trustee argues, however, that he is entitled to the enhanced value of the trust in that Section 541(a)(7) provides that the bankruptcy estate also includes "any interest in property that the estate acquires after the commencement of the case."

The Chapter 7 trustee's argument is flawed, however, in that the bankruptcy estate never held an interest in the trust so as to reach the additional property. The bankruptcy estate's interest is limited to the interest of the debtor, and in the instant proceeding that interest was an equitable interest in the .623 acre tract.[1]

An order in accordance herewith shall issue.

---

**1.** As additional support, the court in *In re Newman,* 88 B.R. 191 (Bankr.C.D.Ill.1987), in applying Section 541(a)(1) and (a)(5) to a spendthrift trust, held that distributions made subsequent to 180 days after the filing for bankruptcy were not property of the estate.