Larry A. Echols, Fort Myers Beach, Fla., Thomas B. Mimms, Jr., Tampa, Fla., for defendants.

Diane L. Jensen, trustee pro se.

Joseph Sukup, Fort Myers Beach, Fla., for plaintiff.

**In re Robert C. DAVIS, Jr., and Marcia I. Davis, Debtors.**

**Diane L. JENSEN, as Trustee, Plaintiff,**

v.

**Johnavieve A. DAVIS and Jerald B. Davis, as Co–Personal Representatives of the Estate of Robert C. Davis, Sr., and Robert C. Davis, Jr., Defendants.**

Bankruptcy No. 86–4225–9P7.
Adv. No. 89–113.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Sept. 29, 1989.

### ORDER ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is a Complaint filed by Diane L. Jensen (Trustee), seeking declaratory judgment determining that the inheritance rights, if any, of the Debtor, Robert C. Davis, Jr. (Debtor), under the Last Will and Testament of one Robert C. Davis, Sr. (Decedent), are properties of the Debtor's estate pursuant to 11 U.S.C. § 541, thus subject to administration by the Trustee. The Defendants, Johnavieve A. Davis (Mrs. Davis) and Jerald B. Davis (J.B. Davis), are co-personal representatives of the estate of the Decedent and the wife and the brother of the Decedent, respectively.

The parties are in agreement that there are no material facts which are in dispute and, therefore, the Court may make a determination of the issues involved as a matter of law which is whether the Debtor's rights under the Last Will and Testament

of the Decedent, if he has any, are property of the estate pursuant to § 541.

The following relevant facts are indeed without dispute and have been stipulated to by the parties and are as follows:

On March 22, 1979, Robert C. Davis, Sr. (Davis, Sr.), died, leaving a Last Will and Testament (Joint Exhibit A). The Last Will and Testament of the Decedent was duly admitted to probate in the Circuit Court of Lee County, Florida. On March 28, 1979, the Circuit Court issued letters of administration and appointed Mrs. Davis and J.B. Davis as co-personal representatives of the estate of the Decedent. Both Mr. Davis and J.B. Davis are named as co-Defendants in this adversary proceeding commenced by the Trustee. Article III, Part 2(a) of the Last Will and Testament provided for the establishment of two trusts after the estate was fully administered.

At the time of the filing of the commencement of this case, Robert C. Davis, Sr., the trusts to be established pursuant to the Last Will and Testament were not funded. The Debtor is the remainderman of one of two testamentary trusts set up by the Will. The corpus of each trust was to be established pursuant to a formula set forth in the Last Will and Testament which provided, inter alia, as follows:

First, it was provided that all the debts and costs of administration were to be paid out of the Decedent's estate. Then, if the Decedent's spouse, Mrs. Davis, that is, the Debtor's mother, survived him, a trust was to be created for her benefit. This trust would contain the lesser of (a) the maximum marital deduction allowed under the federal estate tax laws, or (b) the amount that would result in the payment of no federal estate taxes. Mrs. Davis was to become the income beneficiary of this trust for life, and upon her death, the corpus would be distributed to the person or persons named in her will. If she did not specify in her will who was to be the beneficiary of her trust, then the remaining corpus of her trust would be deposited into the second trust created by the Will. The final step in the formula set forth in the Will required the creation of a second trust

containing the remainder of the Decedent's property not included in the first trust. The income beneficiary of the second trust was specified as Mrs. Davis, but upon her death, $500,000 was to be distributed to the Debtor and the remainder of the second trust to be distributed to the Debtor's sister.

On September 22, 1986, the Debtors filed their voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code and on January 28, 1987, received their discharge. In due course Diane L. Jensen was appointed as Trustee for the Debtors' estate.

The Debtor's mother is still alive, and functions as the co-personal representative of the estate of the decedent. It is without dispute that on the date of the commencement of this case, the Debtor had no right to any distribution from the second trust which was yet to be funded. It is equally true that the likelihood that the Debtor will receive anything from the second trust would depend on the disposition of the corpus in the first trust which will become the corpus of the second trust only if the Debtor's mother dies without leaving a last will and testament.

The Trustee contends that under 11 U.S.C. § 541(a)(1) that the remainder interest of the Debtor under the Last Will and Testament constitutes property of the estate pursuant to § 541(a) which includes all legal or equitable interest of the debtor in property as of the commencement of the estate. In opposition to the Trustee's Motion and in support of their own Motion for Summary Judgment, the Defendants argue that the $500,000 remainder interest is not property of the bankruptcy estate because of a spendthrift provision in the will which covers the contingent remainder interest in the principal part of the second trust.

Section 541 of the Bankruptcy Code defines the property of the estate and unlike the Act of 1898 which provided that upon the commencement of a case only certain properties vested in the Trustee, that commencement of a case pursuant to § 301, § 302 and § 303 of the Code creates an estate. Section 541(c)(2) of the Code requires that the property which is subject to

restriction on a transfer of a beneficiary interest of a debtor is a trust which is enforceable under nonbankruptcy law to be recognized and is equally enforceable in a case filed under Title 11. This is what is generally referred to as the "spendthrift provision". The courts in construing this exception to § 541 uniformly took the position that only the really true spendthrift trusts would fall within this exception and if the beneficiary has any current right to reach the corpus of the trust or obtain any benefits under the trust other than that which is provided by the Trustee of the trust, it will not be recognized as an exception to § 541 and the Debtor's interest in the corpus of the trust would be properties of the estate.

The characterization of this trust, of course, must be made with reference to the local law. Florida recognizes spendthrift trusts provided the trust is one which restrains a voluntary or involuntary alienation by the beneficiary of his interest in the trust. As noted, Florida law recognizes spendthrift trusts and they are enforced and upheld in Florida. *Waterbury v. Munn*, 159 Fla. 754, 32 So.2d 603 (1947), 174 A.L.R. 620. A trust which gives a total discretion to the trustee as to the time, amount, or manner of distribution to beneficiaries of the trust is equally recognized as valid. *Philp v. Trainor*, (1958, Fla.App. D2) 100 So.2d 181. Because the purpose of the spendthrift trust is to protect the beneficiary not only from himself, but also from his creditors, such a trust fails if the beneficiary exercises absolute demand over the property of the trust. *Croom v. Ocala Plumbing & Electric Co.*, 62 Fla. 460, 465, 57 So. 243, 244 (1911); *In the Matter of Nichols*, 42 B.R. 772 (Bankr.M.D.Fla.1984); and *In the Matter of Lawson*, 67 B.R. 94 (Bankr.M.D.Fla.1986).

As noted, the interest of this Debtor, Robert C. Davis, Jr., is only the interest of a remainderman. He has no present vested right to any of the property left by his father. In addition, Article V of the Last Will and Testament provides in express terms:

No beneficial interest under a trust or share created herein, whether income or principal, shall be subject to anticipation, assignment, pledge, sale or transfer in any manner or while in the possession of my Trustee, be liable for or subject to the debts, contracts, obligations, liabilities or torts of any beneficiary, and no beneficiary shall have the power to anticipate, encumber or charge such interest.

Based on the foregoing, the conclusion is inescapable that whatever remote interest this Debtor has under his father's Last Will and Testament is not only remote and contingent, but clearly if it ever comes in existence and vests, would be subject to the spendthrift provisions set forth in Article V of the Last Will and Testament. This being the case, this Court is satisfied that there are no genuine issues of material fact and the Defendants are entitled to a judgment as a matter of law in their favor determining that the contingent interest of the Debtor, Robert C. Davis, Jr., is within the exceptive provisions of § 541(c)(2), therefore is not subject to administration by the Trustee.

A separate Final Judgment will be entered in accordance with the foregoing.

DONE AND ORDERED.