In re James Edwards **KNIGHT**, Debtor.

Bankruptcy No. 91–30264–BKC–RAM.

United States Bankruptcy Court,
S.D. Florida.

Feb. 22, 1994.

Leslie G. Cloyd, Ackerman, Bakst, Cloyd, & Scherer, West Palm Beach, FL, for debtor.

Robert L. Young, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Orlando, FL, for GIAC Leasing.

Soneet Kapila, Trustee, West Palm Beach, FL.

## SUPPLEMENTAL MEMORANDUM OPINION DETERMINING ESTATE'S INTEREST IN TRUSTS

ROBERT A. MARK, Bankruptcy Judge.

The Debtor in this Chapter 7 case scheduled certain property described as contingent unvested interests in various trusts. These trust interests were scheduled as exempt. GIAC Leasing Corporation ("Creditor") filed an objection to the claim of exemption. Although framed as an objection to exemptions because of the form in which the Debtor listed these interests, the issue is whether the trust interests are property of the estate.

After consideration of the arguments presented in written memoranda and in oral argument and after review of the trust documents, the Court scheduled a hearing on October 20, 1993, to announce its ruling. This Supplemental Memorandum Opinion incorporates and supersedes the findings and conclusions stated on the record on that day.

The Court concludes that the Debtor's interests in the Dorothy E. Knight Trust and Part B of the Charles E. Knight Trust are property of the estate; the Debtor's interest in Part A of the Charles E. Knight Trust is not estate property.

### FACTUAL BACKGROUND

The Debtor, James Edwards Knight, is the son of Charles E. Knight and Dorothy E. Knight. The interests at issue are the Debtor's interest in the Dorothy E. Knight Trust (the "Dorothy Trust") established on October 1, 1937 and the Debtor's interest in the Charles E. Knight Trust (the "Charles Trust") established on January 2, 1946. Upon the death of Charles, the Charles Trust was divided into Part A and Part B as described below.

### The Dorothy Trust

The Dorothy Trust terminates upon the death of Dorothy who was 90 years old as of the petition date. At her death, under Section 4 of the trust, the principal will be distributed equally to the Debtor and his sister, if they are alive. If the Debtor predeceases his mother, his share will be distributed to his children.

Since 1965, the Debtor's sister and Dorothy have served as co-trustees of the trust. Prior to the filing of his Chapter 7 case, the Debtor had been receiving some income distributions from this trust pursuant to Section 3, which provides that income "may be paid from time to time in equal or unequal proportions" to Dorothy, the Debtor or his sister.

Two other provisions of the trust are relevant to the Court's analysis. First, the trust may be amended only by the consent of all three trustees. Second, Section 12 of the trust grants the trustees the right to invade principal during Dorothy's lifetime "in the discretion of the trustees." According to a supplemental letter submitted by Debtor's counsel on May 19, 1992, the Dorothy Trust has a value of approximately $885,000.00.

### The Charles Trust

The Charles Trust, created in 1946 and amended in 1965, was divided, by its terms, into two parts when Charles died. The Debtor, his sister and Dorothy are also co-trustees of this trust.

Dorothy is entitled to receive all of the income from the Part A Trust during her life. At her death, the principal of the Part A Trust will be distributed pursuant to a power of appointment exercisable by Dorothy in her will. The Creditor concedes that the Debtor has no present or future interest in Part A of the Charles Trust, since Dorothy has absolute discretion as to naming him as a beneficiary.

Part B of the Charles Trust is at issue. The Charles Part B Trust provides for Dorothy to receive income during her lifetime with the principal to be distributed equally to the Debtor and his sister if they are alive, just like the principal of the Dorothy Trust. Also like the Dorothy Trust, Section 12 of the Charles Part B Trust provides for invasion of the principal during Dorothy's lifetime. Unlike the invasion of principal provision in the Dorothy Trust, the provisions in the Charles Part B Trust are both more specific and mandatory as follows:

Section 12. *Payments By the Trustees.* During the lifetime of CHARLES E. KNIGHT the Trustees shall pay and distribute any portion of this Trust as CHARLES E. KNIGHT may direct by notice in writing to the Trustees. Further, the Trustees shall pay and distribute unto CHARLES E. KNIGHT and/or DOROTHY E. KNIGHT at any time during the duration of this Trust so much of the principal thereof as shall be necessary to keep and maintain CHARLES E. KNIGHT and/or DOROTHY E. KNIGHT in the standard of living to which he and/or she may be accustomed, and/or to provide for his and/or her medical care.

The Charles Part B Trust had a value of $1,545,000 as of May 19, 1992.

### DISCUSSION

 Section 541(a)(1) of the Bankruptcy Code defines property of the estate broadly to include "all legal and equitable interests of the debtor in property as of the commencement of the case." Unlike the Bankruptcy Act, the Code has eliminated a requirement that the debtor be able to transfer the interest or that his creditors by some means must be able to reach it. *In re Ryerson,* 739 F.2d 1423 (9th Cir.1984). By including all legal interests without exception, Congress indicated its intention to include all legally recognizable interests although they may be contingent and not subject to possession until some future time. *Id.* at 1425, *citing* H.R.Rep. No. 595, 95th Cong., 1st Sess. 175–76 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5963, 6136.

 The Debtor argues that he has no vested right to any portion of the principal of the Dorothy Trust unless three contingencies occur: (1) The Debtor survives Dorothy; (2) Dorothy does not amend the trust interest so as to exclude the Debtor as a beneficiary; and (3) the trustees do not consume the entire principal by paying it to Dorothy or other beneficiaries as they may in their discretion do under Section 12 of the trust instrument. The Debtor similarly argues that he has no right to the principal of the Charles Part B Trust unless he survives his mother *and* the corpus is not consumed by distributions to Dorothy during her lifetime.

The Debtor is wrong as to Dorothy's unilateral ability to amend the Dorothy Trust to eliminate his interest. Dorothy certainly has absolute discretion as to the Charles Part A Trust, but she may not amend the Dorothy Trust to exclude the Debtor without the consent of the other trustees. The Debtor's consent to his exclusion post-petition would constitute an unlawful post-petition transfer of property of the estate under § 549 of the

Code. Moreover, for purposes of valuing a beneficiary's future interest in the corpus of a trust, the Court assumes that a beneficiary would not elect to terminate his or her own interest.

The trustees in their discretion could distribute principal and consume some or all of the trust principal in both the Dorothy Trust and the Charles Part B Trust prior to Dorothy's death. This discretionary right to invade principal affects the value of the interests but it does not render them worthless. Similarly, the fact that the Debtor must outlive Dorothy in order to obtain his share of the trust principal also does not immunize the interest from becoming property of the estate. *See In re Kreiss,* 72 B.R. 933 (Bankr. E.D.N.Y.1987) (debtor's contingent remainder interest in trust was property of the estate). In short, the Debtor's interests in the Dorothy Trust and the Charles Part B Trust had value as of the petition date and are therefore property of the estate.

Three well reasoned bankruptcy cases support the Court's conclusion. *In re Newman,* 88 B.R. 191 (Bankr.C.D.Ill.1987); *In re Kreiss,* 72 B.R. 933 (Bankr.E.D.N.Y.1987); *In re Dias,* 37 B.R. 584 (Bankr.D.Idaho 1984).

In *Kreiss,* the debtor held a 50% remainder interest in a trust subject to a life tenancy. The court held that this equitable interest, a contingent remainder, is an interest that is alienable and subject to seizure under applicable New York law. The same reasoning would apply to both trust interests in this case. Absent any spendthrift provisions which would exclude the interests under § 541(c)(2), the Debtor's interests in both the Dorothy Trust and Charles Part B Trust are alienable interests that passed to the bankruptcy trustee upon the filing of this bankruptcy case.

In *Newman,* the Debtor trust beneficiary was entitled to distribution of the trust principal at the age of 50. The court observed that the broad definition of property of the estate in § 541 includes interests that are strictly contingent. 88 B.R. at 192, *citing In re Brown,* 734 F.2d 119, 123 (2d Cir.1984). The court held that the debtor's interest in the trust was property of the estate. As in this case, the contingency merely affects the value of the property interest; it does not prevent the property from becoming property of the estate. *Newman,* 88 B.R. at 192.

In *Dias,* the court had to determine whether the debtor's one-third equitable interest in the corpus of a trust was property of the estate. The debtor, who was 23 when the petition was filed, was entitled to her share when she reached age 25. The court noted that the debtor's interest, though contingent or subject to divestment, was alienable by her on the petition date. The court found that the contingency reduced the value of the interest but that "the interest was not so remote or speculative as to have no value," 37 B.R. at 587, and was thus property of the estate.

The cases and arguments relied upon by the Debtor either interpret the more restrictive definition of property under the Bankruptcy Act or are old state court decisions finding certain property interests to be beyond the reach of creditors under state law. *See e.g., In re Martin,* 47 F.2d 498 (7th Cir.1931); *Howbert v. Cauthorn,* 100 Va. 649, 42 S.E. 683 (1902); *Kenwood Trust & Savings Bank v. Palmer,* 121 N.E. 186 (1918).[1]

The Debtor's reliance on *In re Hicks,* 22 B.R. 243 (Bankr.N.D.Ga.1982) is also misplaced. In that case, the trust instrument gave the debtor's mother a power of appointment giving her absolute discretion in determining whether the debtor would receive any portion of the trust corpus. As of the bankruptcy filing, the debtor's mother had not exercised the power of appointment. The court found that it could not compel the exercise of a discretionary power of appoint-

---

1. Under the broad definition of property of the estate in § 541 of the Bankruptcy Code, it no longer is necessary for an interest to be transferable or leviable to become property of the estate. Nevertheless, under Florida law, even uncertain future interests in land or other property may be alienated and may be subject to execution. *See Richardson v. Holman,* 160 Fla. 65, 33 So.2d 641 (1948); *Croom v. Ocala Plumbing and Electric Company,* 62 Fla. 460, 57 So. 243 (1911).

ment and held that the debtor had no interest that passed to the bankruptcy trustee.

■ The facts and holding in *Hicks* are consistent with the facts and holding here as to the Charles Part A Trust. As in Hicks, Mrs. Knight has the power of appointment as to the corpus of the Part A Trust. As such, the Debtor's interest in the Part A Trust is too remote to have value and does not constitute property of the estate.[2]

The facts in *Hicks* are readily distinguishable from the facts presented in the Dorothy Trust and Charles Part B Trust. There is a material difference between an interest which may be unilaterally extinguished by a grantor and an interest which may be defeated by some condition subsequent. In the former case, there is no interest of value which passes to the estate. In the latter, the value is affected by the possibility of future events which may reduce or eliminate the interest, but the interest has value as of the petition date which can and does pass to the Trustee.

There is language in *Hicks* suggesting that a contingent remainder is not property of the estate. 22 B.R. at 245. While *Hicks* is correct on its facts because the interest there was subject to a discretionary power of appointment just like the interest in the Charles Part A Trust here, this court does not accept *Hicks* as authority that all contingent interests are excluded from the estate. Such an overly broad proposition would be inconsistent with § 541 of the Code and contrary to the holdings in *Newman, Kreiss* and *Dias* cited favorably by the Court.

Other cases cited by the Debtor dealing with contingent trust interests have ruled against the trustee on § 541(c)(2) grounds, finding that the interest was subject to enforceable spendthrift provisions. *See, e.g., In re Davis,* 110 B.R. 573 (Bankr.M.D.Fla.1989); *Horsley v. Maher,* 89 B.R. 51 (D.S.D.1988). There are no spendthrift provisions in the Knight Trusts that would trigger application of the § 541(c)(2) exception.

### VALUE OF ESTATE'S INTEREST

■ The possibility of divestment does not render the trust interests without value as of the filing date. The possibility of divestment by virtue of the Debtor predeceasing Dorothy and the possibility of reduction in the trust corpora, by virtue of distributions prior to her death, do affect the value of the interests. Thus, the estate is not entitled to simply receive one half of the principal of each trust as of the filing date. Instead, the value which passes to the estate is the hypothetical value of the trust interests if they had been seized by creditors or sold by the Debtor as of the date of his Chapter 7 petition. *See In re Dias, supra,* 37 B.R. at 587. If the parties are unable to agree on the value of the trust interests, the Court will conduct a further evidentiary hearing.

### CONCLUSION

The Court has analyzed the trust interests in this case in view of the broad scope of § 541 and the absence of any spendthrift restrictions which would protect the interests from passing to the trustee upon the filing of the bankruptcy case. The Court has also distinguished between interests that are so remote as to be without value because, for example, they depend upon the exercise of a power of appointment, and interests such as the ones here, in which the Debtor is a named beneficiary whose rights may be affected by the occurrence of some future conditions.

The trust interests here are of sufficient certainty to render the interests property of the estate. Thus, the Debtor's interests in the Dorothy Trust and the Charles Part B Trust are deemed to be property of the estate subject to liquidation by the Trustee. The Debtor's interest in the income from the Dorothy Trust and his potential interest in the Charles Part A Trust are too remote to have value and are thus not property interests which the Trustee may administer.

A separate order will be issued in accor-

2. The *Hicks* decision also supports this Court's holding that the potential *income* distributions from the Dorothy Trust are not property of the estate since the Debtor has no ability to compel payment of these discretionary distributions. *See also, In re Dias,* 37 B.R. at 586, in which the court held that discretionary support distributions were not property of the estate.

dance with this Opinion.[3]

### ORDER DENYING MOTION FOR REHEARING

The Debtor, James Edward Knight, seeks rehearing of this Court's November 10, 1993 Order Determining Certain Trust Interests to be Property of the Estate ("Order"). Creditor GIAC Leasing Corporation filed a response opposing the motion and the matter was argued before the Court on February 17, 1994.

Only one new issue is raised by the Motion for Rehearing, namely the Debtor's argument that under the terms of the Dorothy E. Knight Trust, Dorothy Knight may amend the trust to exclude the Debtor as a beneficiary without the Debtor's consent. Section 10 of the trust instrument provides that Dorothy may amend the trust "by and with the consent of the trustees in office...." In its prior ruling, the Court interpreted this provision to mean the consent of *all* other trustees including the Debtor. In the Motion for Rehearing, Debtor cites Section 13 of the trust which defines the term "trustees" as "a majority of the trustees, unless otherwise indicated." Based upon this definition, the Debtor argues that the trust could be amended without his consent. He argues further that this difference is significant and renders the interest of the Debtor in the Dorothy Trust too remote and speculative to be deemed property of the estate.

This new factual allegation does not compel a different result. First, the definition of "trustees" in Section 13 does not clearly apply to the amendment provision in Section 10 which refers to "the consent of the trustees in office." Use of the modifying phrase "in office" would appear to require the consent of both of the other trustees.

Second, even if the trust could theoretically be amended without the Debtor's consent, the Court agrees with GIAC that the potential ability of Dorothy and her daughter to defeat the Debtor's interest does not exclude this interest from property of the estate, but merely affects the value of this interest. This amendment possibility is not comparable to the power of appointment vested exclusively in Dorothy under the Charles Knight Part A Trust. The Court found that this power of appointment rendered Part A to be too speculative to have value since the Debtor's designation as a beneficiary was subject to the absolute discretion of his mother.

By contrast, the Court does not find that Dorothy Knight and her daughter have absolute discretion to amend this trust. Rather, any action by the co-trustees would be subject to the fiduciary obligations imposed on trustees in the exercise of their discretion. Indeed, any action taken by the Debtor's mother and sister to exclude him as a beneficiary in order to defeat the interest of the trustee in bankruptcy would likely be subject to collateral attack.

In sum, even if the Court was wrong in its finding that unanimous consent was necessary to amend, this possible error would not alter the Court's conclusion. For the reasons stated on the record at the October 20, 1993 hearing, as incorporated in and superseded by this Court's Supplemental Memorandum Opinion dated February 22, 1994, Debtor's interest, as of the petition date, in both the Dorothy E. Knight Trust and in Part B of the Charles E. Knight Trust are assets of the estate.

At the February 17, 1994 hearing, Debtor's counsel advised the Court of Debtor's intention to pursue a previously unresolved argument in this case, namely, his claim that his beneficial interests in the trusts were assigned prior to the filing of his bankruptcy petition. The Court's November 10, 1993 also left unresolved the value of the trust interests. Until these remaining issues are resolved, both the November 10, 1993 Order and this Order Denying Motion for Rehearing should be deemed interlocutory orders not requiring immediate appeal to protect Debtor's appellate rights.

Therefore, it is—

---

3. Pursuant to findings and conclusions announced on the record on October 20, 1993, the Court entered its Order Determining Certain Trust Interests to be Property of the Estate on November 10, 1993. The Debtor's Motion for Rehearing of that Order is denied in a separate Order entered in conjunction with this Supplemental Opinion.

378

ORDERED as follows:

1. Debtor's Motion for Rehearing is denied.

2. Within thirty (30) days from the date of this Order, the Debtor and GIAC Leasing Corp. shall either submit a joint stipulation with respect to the value of the estate's interest in these trusts, or alternatively, file a joint motion requesting a hearing to determine the value of these interests.

3. Within twenty (20) days from the date of this Order, the Debtor shall file a motion seeking a determination of the validity and enforceability of his alleged prepetition assignment of the trust interests together with any further legal or factual argument in support. GIAC shall file any supplemental response in opposition within fifteen (15) days of service of the Debtor's motion.

4. Upon review of the pleadings described in paragraphs 2 and 3 of this Order, the Court will schedule a further hearing, if necessary, to resolve the remaining issues.

DONE AND ORDERED.